[No. 23282. Department Two. November 13, 1931.]

THE STATE OF WASHINGTON, *on the Relation of* HARVEY B. WALTER, *Respondent,* v. WILLIAM J. HOUGHTON, *as Clerk of Consolidated School District No. 4, Appellant.*[1]

*Charles A. Turner* and *Louis A. Merrick,* for appellant.

*M. H. Forde,* for respondent.

[1]Reported in 4 P. (2d) 1110.

HOLCOMB, J.—This mandamus action in the lower court grew out of a recall proceeding whereby the voters of a consolidated school district in Snohomish county are attempting to recall two of its directors, one of whom is appellant and who is also clerk of the district. Recall charges were formulated and filed with appellant as clerk of the district, who refused to furnish a ballot synopsis as provided by law. Thereupon relator, on behalf of himself and six other electors selected at a meeting of legal voters of the school district, petitioned for a mandate to compel appellant to carry out his duties under the recall statutes. An alternative writ was issued, against which appellant moved to strike certain portions of relator's petition and demurred separately to all of the recall charges.

On the hearing of the matter by the trial court, relator was granted permission to amend a paragraph of his petition by interlineation, adding the words "which is a municipal corporation, organized and legally existing under the laws of the state of Washington." The amendment amended the paragraph alleging that appellant is now, and at all times hereinafter mentioned has been, the duly elected, qualified and acting clerk of consolidated school district No. 4, Snohomish county, Washington. To this amendment appellant objected, which objection was overruled.

The petition of relator for the recall contains seven separate paragraphs of charges of misfeasance, malfeasance and nonfeasance on the part of the officers sought to be recalled. The trial court found the first, fourth, fifth, and the first part of the sixth to be insufficient under the law as recall charges; and sustained the second, third, the latter half of the sixth, and all of the seventh as sufficient under the law as recall charges.

With those charges which the court held to be insufficient, we are no longer concerned.

Appellant maintains that the trial amendment to the petition of relator should not have been permitted to allege that consolidated school district No. 4, Snohomish county, Washington, is a municipal corporation organized and legally existing under the laws of this state. The allegation was necessary as a part of the pleading; but it was of a public matter, which was, of course, known to appellant, he being an officer of the public corporation. Appellant could not be surprised or prejudiced by any such amendment. There is no merit in this contention.

The charges which the trial court held to be sufficient as recall charges read:

Paragraph II:

"That on or about August, 1929, the said William J. Houghton, without any authorization by the school board of said school district, and while a director and clerk thereof, purchased a bill of goods from Deiwert-Swarm Hardware Company, Everett, Washington, for said school district, one item thereof being a brace costing $6.50, all of which goods was delivered to said William J. Houghton, for said school district and was paid for out of funds belonging to said school district, but the said William J. Houghton has never delivered or otherwise accounted for said brace to said school district."

and paragraph III:

"Sometime during the months of July or August, 1929, said William J. Houghton, as such school director and clerk, executed and delivered a right-of-way deed or permit to the city of Everett, for a one hundred foot right-of-way through the Glenwood school grounds belonging to said district, though no action had been taken by said school district, as such, authorizing the issuance of such deed or permit and

without any definite discussion by said board as to the value or price to be asked for such right-of-way, and without any appearance before said school board by any representative of said city, and no money or other consideration of value has ever been paid to said school district for said right-of-way.''

and the latter half of paragraph VI, to-wit:

''And further, in that in or about the month of June, 1930, said William J. Houghton as such school director and clerk, sanctioned the hiring by said school board of the said F. W. Cushman, while the latter was a fellow school director, to grade the high school grounds belonging to said school district, and sanctioned the payment of said F. W. Cushman for said work out of funds belonging to said school district, contrary to the provisions of Sec. 4873 of Rem. Comp. Statutes of Wash.'' (Should be § 4783.)

and paragraph VII:

''That said William J. Houghton, committed a further act of misfeasance and malfeasance while in office and violated his oath of office, in that with Martin Robinett, a fellow school director, he did, immediately prior to the annual election of said district held on March 7, 1931, willfully and secretly conspire and agree, that in the event said F. W. Cushman should be reelected as director, that they, as school directors, would refuse to issue a new contract to Oscar Hiaasen, school superintendent, but that in the event that the opponent of said Cushman, O. E. Swartzmiller, should be elected as school director, they would vote to retain said Hiaasen as school superintendent, and said William J. Houghton at the meeting of said school board held on the 9th day of April, 1931, did, in conformity with said secret agreement, vote to refuse to renew the contract with said Oscar Hiaasen, solely because said F. W. Cushman was re-elected as school director of said district for another term.''

■■ As to the remaining contentions of appellant, this court has decided that the legality of the proceed-

ings for a recall election and whether they comply with the law, is a judicial question for determination by the courts, *Gibson v. Campbell*, 136 Wash. 467, 241 Pac. 21; and that, under our recall statute, the charges must be set out in language as specific and definite as the language of a criminal information. *Cudihee v. Phelps*, 76 Wash. 314, 136 Pac. 367. Also, *Gibson v. Campbell, supra.*

There can be no question but that the charge stated in paragraph two of the petition, held sufficient by the trial court, although concerning a very petty matter which would constitute nothing more than petit larceny, nevertheless states an offense which would constitute a misdemeanor if stated in the language of a criminal information at law.

Paragraph three of the petition for recall beyond any question alleges the giving away of property or valuable rights by way of easement by appellant as director and clerk without any right or authority. Whether or not this would constitute a criminal offense, is unnecessary here to determine, inasmuch as the charge is sufficient as a charge of defrauding the school district of valuable rights or property.

The latter half of paragraph six sustained by the trial court alleges a transaction which is prohibited by the section of the statute referred to; and, being unlawful by virtue thereof, is a sufficient charge for recall.

As to paragraph seven, the court is divided, but the majority consider that the charge therein constitutes nothing more than an allegation that appellant indicated an intention to abide by the will of the electors as expressed in the vote for school director, and that this case is not controlled by our decision in *Pybus v. Smith*, 80 Wash. 65, 141 Pac. 203, Ann. Cas. 1915A, 1145, L. R. A. 1915A 285.

The judgment of the trial court is therefore affirmed in all things, except as to paragraph seven of the recall charges.

TOLMAN, C. J., MAIN, MILLARD, and BEALS, JJ., concur.