[No. 32342.  Department One.  January 27, 1953.]

WILLIAM B. MORTON, *Respondent*, v. L. EARL McDONALD, *as City Clerk of the City of Cle Elum, Defendant, N. J.* ZELLER *et al., Appellants.*[1]

[1]Reported in 252 P. (2d) 577.

*Simmons & Yates,* for appellants.

*Kern & Dano,* for respondent.

HILL, J.—This is an appeal from a judgment restraining a recall election, argued in this court January 22, 1953. This is an emergency matter of public concern, to be speedily heard and determined. RCW 29.82.160; *cf.* Rem. Rev. Stat., § 5363.

Certain voters of the city of Cle Elum, desiring to recall the mayor of that city, filed in the office of the city clerk sixteen charges against him, as required by RCW 29.82.010 (*cf.* Rem. Rev. Stat., §§ 5350, 5351).

It then became the duty of the clerk, *if the acts complained of were acts of malfeasance or misfeasance by the mayor while in office or violations of his oath of office,* to formulate a ballot synopsis of such charges of not to exceed two hundred words. Rem. Rev. Stat., § 5352. (The revisers compiling RCW eliminated the portion of this section of the statute which we have italicized. See RCW 29.82.020.) *Roberts v. Millikin,* 200 Wash. 60, 93 P. (2d) 393 (1939).

That section of the statute further provides that the clerk shall notify the persons who filed the charges of the exact language of the ballot synopsis.

The mayor could have, by appropriate proceedings, challenged the sufficiency of any or all of the charges filed against him at any time from the moment they were filed with the clerk. We are satisfied that he could also have challenged the propriety or the sufficiency of the ballot synopsis and restrained circulation of the recall petitions until the questions concerning the ballot synopsis were adjudicated. The persons who filed the recall charges could like-

wise have challenged the propriety and sufficiency of the ballot synopsis if not satisfied therewith.

We will hereinafter discuss *Gibson v. Campbell*, 136 Wash. 467, 241 Pac. 21 (1925), in which we held that the person whose recall was sought did not have to commence an action until after his notification of the filing of the signed petitions as provided for in RCW 29.82.080 (*cf*. Rem. Rev. Stat., § 5358). In that case, Gibson had commenced his action within ten days after the signed recall petitions had been filed with the proper officer.

Obviously, the time to determine the sufficiency of the charges and the appropriate wording for the ballot synopsis is before and not after the circulation of the recall petitions. This is demonstrated by the cogent and convincing argument of the respondent that it cannot be presently determined how many voters signed the recall petitions because of one or another of the charges now held to be insufficient.

The statutes covering the recall procedure provide that any proceeding to compel or prevent the performance of any act in relation to the recall not in compliance with those statutes shall be begun within ten days from the time the cause of complaint arises and shall be considered an emergency matter of public concern and take precedence over other cases. RCW 29.82.160; *cf*. Rem. Rev. Stat., § 5363.

In the present case, the clerk eliminated one of the charges, apparently believing that it did not meet the statutory requirement of misfeasance or malfeasance in office or a violation of the oath of office by the mayor, and prepared a ballot synopsis. There was no challenge of that ballot synopsis by either the mayor or the parties who filed the charges, and it became a part of the recall petitions as required by statute. RCW 29.82.020, *cf*. Rem. Rev. Stat., § 5352; *Roberts v. Millikin, supra.*

After the recall petitions had been circulated and the signed petitions had been filed with the clerk, the mayor brought this action to enjoin the clerk from calling the election. It was conceded at the trial that the canvass of the petitions provided for by RCW 29.82.080 and 29.82.090 (*cf*.

Rem. Rev. Stat., § 5358) showed the requisite number of valid signatures to authorize a recall election.

Two questions of law were presented to the trial court. The first involved the sufficiency of the charges. The trial court found that three of the charges met the statutory requirements and twelve did not. The second was: May a recall election be had when some but not all of the charges have been found to be sufficient? The trial court, relying upon *Gibson v. Campbell, supra,* answered this question in the negative and enjoined the election.

■■ The answer should have been in the affirmative. The respondent mayor, not having challenged the sufficiency of the charges at a time when the charges now held to be insufficient could have been stricken and reference to them eliminated from the ballot synopsis, cannot now complain of the fact that some voters may have been induced to sign the recall petition because of charges now held to be insufficient. The rule is that, at this state of the proceedings, the recall petitions having been circulated, signed, and canvassed, only the complete failure of all of the charges to meet the statutory requirements can justify enjoining the holding of the election; one charge meeting the statutory requirement is sufficient. *Thiemens v. Sanders,* 102 Wash. 453, 173 Pac. 26 (1918); *State ex rel. Walter v. Houghton,* 165 Wash. 220, 4 P. (2d) 1110 (1931); *People ex rel. Elliot v. O'Hara,* 246 Mich. 312, 224 N. W. 384 (1929); *Amberg v. Welsh,* 325 Mich. 285, 38 N. W. (2d) 304 (1949).

The respondent mayor now makes the contention, in support of the judgment of the trial court, that none of the charges are sufficient. The trial court having found that three of the charges are sufficient, the appellants challenge the right of the respondent to make the contention, on this appeal, that none of the charges are sufficient.

■ While we agree that the contention urged by the respondent can properly be made in support of the judgment appealed from (see *Latimer v. Western Machinery Exch.,* 40 Wn. (2d) 155, 167 *et seq.,* 241 P. (2d) 923), we are of the opinion that the charge that the mayor appointed

a water commissioner who was not qualified or able to discharge the duties of that office was sufficient, and that likewise was the charge that between January 4, 1949, and January 1, 1952, the mayor had permitted three houses of prostitution to operate openly and notoriously in the city of Cle Elum. We are not concerned with the truth or falsity of these charges, only with their statutory sufficiency. *State ex rel. Walter v. Houghton, supra.* (The *Latimer* case, *supra*, is again before this court, on rehearing *En Banc*, but the particular proposition on which it is here cited is not challenged on the rehearing.)

There being a valid and sufficient charge filed against the mayor, there having been no timely challenge to the inclusion of the insufficient charges in the ballot synopsis, and there being the requisite number of valid signatures on the recall petitions, the respondent mayor is not entitled to enjoin the holding of the recall election.

The distinction between this case and *Gibson v. Campbell, supra*, so heavily relied upon by respondent and the trial court, is that in that case no one of the charges was held to be sufficient. If that had been the situation here, we would affirm the trial court. However, we are not in accord with any inference in the *Gibson* case that the attack on the sufficiency of the charges could not have been made at an earlier date. In our opinion in that case, unjustified emphasis was given to the fact that no notice was given Gibson that he was being recalled until the notice required by RCW 29.82-.080 (*cf.* Rem. Rev. Stat., § 5358). Significantly, the recall statute requires no notice of the charges against him to the officer being recalled, or of the date of their filing, or of the date of the filing of the ballot synopsis, or of any other step in the recall procedure with the exception herein noted. Recall is a matter of public knowledge; it is assumed that an officer knows when a recall is under way and will be sufficiently interested to keep himself informed as to what is transpiring. The one thing of which it is required that he be given notice is the date of the canvassing of the petitions as to the validity of the signatures thereon, and that requirement is as follows:

"Upon the filing of a recall petition [referring to petition which has been circulated and signed] in his office, the officer with whom the charge was filed shall stamp on each petition the date of filing, and shall notify the persons filing them and the officer whose recall is demanded of the date when the petitions will be canvassed, which date shall be not less than five or more than ten days from the date of its filing." RCW 29.82.080; *cf.* Rem. Rev. Stat., § 5358, part.

This notice, despite our statement in the *Gibson* case, *supra*, that Gibson was not required to take any action until he received that notice, is not the beginning of the cause of complaint which the legislature had in mind when it said,

". . . any proceeding to compel or prevent the performance of any such act [*i.e.*, any act not in compliance with the recall statutes] shall be begun within ten days from the time the cause of complaint arises. . . ." RCW 29.82.160; *cf.* Rem. Rev. Stat., § 5363.

Reversed and remanded, with instructions to the superior court to dissolve the restraining order (injunction) and dismiss the action.

GRADY, C. J., MALLERY, WEAVER, and OLSON, JJ., concur.

Since prompt action is necessary to prevent this litigation from becoming moot, and because the recall statute declares that this is an "emergency matter of public concern," the undersigned judges of the supreme court direct that the remittitur shall go down forthwith.

GRADY, C. J., HILL, MALLERY, DONWORTH, WEAVER, and OLSON, JJ.