[Nos. 38824, 38895.   En Banc.   September 6, 1966.]

AL CLAUSSEN et al., *Appellants*, v. J. F. PEDDYCORD,
*Respondent.*\*

*Clifton W. Collins,* for appellants.

*Paul A. Klasen, Jr.,* for respondent.

*Robert A. Milne,* amicus curiae.

HUNTER, J.—In this action the petitioners (appellants)
Al Claussen and George Schuster, duly elected commission-
ers of Public Utility District No. 2 of Grant County, attack
the power of defendant (respondent) J. F. Peddycord, Grant
County Auditor, to formulate and issue a ballot synopsis
in a proceeding initiated for their recall from office. They
petitioned the Grant County Superior Court to enjoin the
county auditor from proceeding to formulate and issue the
ballot synopsis. The trial court refused to issue the injunc-
tion and dismissed the action. Petitioners have appealed.

The sole contention of the appellants is that RCW 29.82-
.020, the statute under which the Grant County Auditor
must proceed in the preparation of the ballot synopsis subse-
quent to the filing in his office of the petition for the recall

*Reported in 417 P.2d 953.

of the appellants, is in violation of art. 4, § 1, of our state constitution.

RCW 29.82.020, *supra*, provides that upon the filing of a petition for recall under RCW chapter 29.82, that

> If the acts complained of in the charge are acts of malfeasance or misfeasance while in office, or a violation of the oath of office, as specified in the Constitution, the officer with whom the charge is filed shall formulate a ballot synopsis  .  .  .  .

The appellants argue that the preparation of the ballot synopsis under RCW 29.82.020, *supra,* by the designated officer (in this case the county auditor) constitutes a judicial function, and that since the judicial power is vested in the judicial branch of government under art. 4, § 1, of our state constitution, the statute is in derogation of this provision of the constitution.

It cannot be denied that RCW 29.82.020, *supra,* casts upon the county auditor the duty to examine the charges in the petition and to exercise his discretion in determining whether the charges constitute malfeasance, misfeasance, or a violation of the oath of office. This determination, however, is limited, is not a final determination of rights, and is only a step in the procedural process set up by the legislation to implement the recall procedure mandated by art. 1, §§ 33 and 34, of our state constitution. Moreover, it is specifically provided in the recall statutes that this act of the auditor is subject to review by both the superior courts and the Supreme Court of this state, and that such a review be considered an emergency matter to take precedence over other cases. RCW 29.82.160 provides:

> Enforcement provisions—Mandamus—Appeals.  The superior court of the county constituting or containing any political subdivision in which the recall is invoked shall have original jurisdiction to compel the performance of any act required of any public officer or to prevent the performance by any such officer of any act in relation to the recall not in compliance with law.
>
> The supreme court shall have like original jurisdiction in relation to state officers and revisory jurisdiction over the decisions of the superior courts: *Provided,* That any

proceeding to compel or prevent the performance of any such act shall be begun within ten days from the time the cause of complaint arises, and shall be considered an emergency matter of public concern and take precedence over other cases, and be speedily heard and determined. Any proceeding to review a decision of any superior court shall be begun and perfected within fifteen days after its decision in a recall election case and shall be by the supreme court considered an emergency matter of public concern, and speedily heard and determined.

Under this provision for judicial review, the appellants are afforded an absolute right to have a court determination of whether a ballot synopsis should be prepared and this review constitutes a completely new de novo determination. See, *e.g., Skidmore v. Fuller,* 59 Wn.2d 818, 370 P.2d 975 (1962); *Roberts v. Millikin,* 200 Wash. 60, 93 P.2d 393 (1939). The act of the county auditor in implementing this procedural step in the recall process, could in no respect become final unless the appellants waived their right to have a court make this determination in the manner provided by RCW 29.82.020, *supra.*

For the above reasons we find that the act of the Grant County Auditor, in determining whether the ballot synopsis should be prepared under RCW 29.82.020, *supra,* does not constitute a judicial function in derogation of art. 4, § 1, of our state constitution. RCW 29.82.020, *supra,* is a valid implementation of the constitutional provision for the recall of certain officers in this state. Art. 1, §§ 33 and 34.

The judgment is affirmed.

ROSELLINI, C. J., HILL, DONWORTH, FINLEY, WEAVER, HAMILTON, and HALE, JJ., and BARNETT, J. Pro Tem., concur.