[Nos. 51111–0, 51112–8, 51113–6.   En Banc.   October 17, 1985.]

HARRY TEAFORD, ET AL, *Appellants,* v. MARY HOWARD, ET AL, *Respondents.*

*Jeffrey J. Thimsen,* for appellants.

*William J. Powell* and *Powell & Morris,* for respondents.

PEARSON, J.—These consolidated cases concern recall petitions filed against Medical Lake School District Directors Harry Teaford, Merle Barr and Sharon Morasch. The issue presented is whether the charges propounded in the petitions allege sufficient grounds for recall. The trial court, pursuant to RCW 29.82.023, conducted a hearing to determine the sufficiency of the charges and found that charge 1 against Teaford, Barr and Morasch and charge 3 against Teaford were sufficient. The trial court found the other charges insufficient. We affirm in part and reverse in part by holding that all the charges allege insufficient grounds for recall.

On October 10, 1984, recall charges were filed against Teaford, Barr and Morasch. The charges involved allegations of misfeasance, malfeasance and violations of the oath of office. In charge 1 all three directors were accused of violating the Open Public Meetings Act of 1971 (the Act),

RCW 42.30, by holding a secret meeting on June 26, 1984, where there was a discussion and a decision to vote in the negative on an agenda item. Charge 2 alleged identical facts to charge 1 and asserted that, irrespective of any violation of the Act, such conduct constituted misfeasance and malfeasance. Charge 3 against Teaford alleged that on September 10, 1984, at a regular meeting of the Board of Directors of Medical Lake School District, Mr. Teaford broke the confidences of the Board by relating to a citizen the confidential deliberations which had gone into the Board's decision for hiring a superintendent. The charge alleged that such action was contrary to existing board practice and procedure, violated the privacy of persons discussed, and constituted misfeasance or malfeasance. Charge ,3 filed against Barr and Morasch alleged the two directors solicited Medical Lake High School teachers between May 1 and June 10, 1984, requesting support for a 7–period day in the high school. It further stated that said solicitation violated two school board policies, was in circumvention of the Educational Employment Relations Act (RCW 41.59) since it was a matter of collective bargaining and constituted misfeasance. Charge 4 filed against Barr alleged that on April 24, 1984, at a regular school board meeting at Medical Lake High School, before approximately 250 citizens, Barr falsely accused the high school principal of presenting "misinformation, concealed facts and downright lies" and that such action violated school board policy, was unprofessional, and constituted misfeasance and malfeasance.

This case is the most recent in the long list of decisions involving the determination of whether recall charges are sufficient. *See Chandler v. Otto,* 103 Wn.2d 268, 693 P.2d 71 (1984); *Cole v. Webster,* 103 Wn.2d 280, 692 P.2d 799 (1984); *Pederson v. Moser,* 99 Wn.2d 456, 662 P.2d 866 (1983); *Janovich v. Herron,* 91 Wn.2d 767, 592 P.2d 1096 (1979); *Bocek v. Bayley,* 81 Wn.2d 831, 505 P.2d 814 (1973); *State ex rel. Citizens Against Mandatory Bussing v. Brooks,* 80 Wn.2d 121, 492 P.2d 536 (1972); *State ex rel. LaMon v. Westport,* 73 Wn.2d 255, 438 P.2d 200 (1968);

*Danielson v. Faymonville,* 72 Wn.2d 854, 435 P.2d 963 (1967); *Skidmore v. Fuller,* 59 Wn.2d 818, 370 P.2d 975 (1962); *Morton v. McDonald,* 41 Wn.2d 889, 252 P.2d 577 (1953); *Roberts v. Millikin,* 200 Wash. 60, 93 P.2d 393 (1939); *State ex rel. Walter v. Houghton,* 165 Wash. 220, 4 P.2d 1110 (1931); *Gibson v. Campbell,* 136 Wash. 467, 241 P. 21 (1925).

In one of the more recent cases, we noted that recall is the electoral process by which an elected officer is removed before expiration of the officer's term of office. *Chandler,* 103 Wn.2d at 270. In Washington the power to recall elective public officials is constitutionally based. Const. art. 1, §§ 33, 34 (amend. 8). Pursuant to this provision, the Legislature has adopted RCW 29.82 as the scheme for carrying out the recall power. Under this statute an officer's constituency can initiate recall proceedings by preparing charges which recite that the officer has committed an act or acts of malfeasance, misfeasance or has violated the oath of office. RCW 29.82.010. The 1984 amendments to RCW 29.82.010 define these terms in the following manner:

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
> (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
> (b) Additionally, "malfeasance" in office means the commission of an unlawful act;
> (2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

Laws of 1984, ch. 170, § 1, p. 821. In addition, that statute requires that charges must

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, be signed by the person or persons making the charge, give their respective post office addresses, and be verified under oath that he or they believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

██ RCW 29.82 and its amendments were recently analyzed in *Chandler v. Otto, supra,* and *Cole v. Webster, supra,* wherein this court held that the 1976 and 1984 amendments to RCW 29.82 clearly disclose an intent by the Legislature to limit the scope of the recall right and free public officials from the harassment of recall elections grounded on frivolous charges or mere insinuations. *Chandler,* at 274.

In *Chandler* and *Cole,* we decided not to follow other decisions of this court which advocated judicial restraint in reviewing recall charges, *see McCormick v. Okanogan Cy.,* 90 Wn.2d 71, 75, 578 P.2d 1303 (1978), and returned to what we perceived was the intent of the framers of the recall provision: "to limit the scope of the recall right to recall for cause" as required by the state constitution. *Chandler,* at 271. The requirement of cause mandates that a recall charge be both legally and factually sufficient. As noted in *Chandler,* at 274:

> Factually sufficient means the petition must comply with the specificity requirements of RCW 29.82.010. As noted in *Herron* [*v. McClanahan,* 28 Wn. App. 552, 625 P.2d 707 (1981)], at 560, "these statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process." Factually sufficient indicates that although the charges may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office.
>
> Legally sufficient means that an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.

(Citations omitted.)

The rationale for requiring charges to be both legally and factually sufficient is clear. The requirement of factual suf-

ficiency assures that charges, although adequate on their face, do not constitute grounds for recall unless supported by identifiable facts. The requirement of legal sufficiency protects an elected official from being subjected to the financial and personal burden of a recall election grounded on false or frivolous charges. *See Chandler,* at 272. *See also Bocek v. Bayley,* 81 Wn.2d 831, 839–40, 505 P.2d 814 (1973) (Utter, J., concurring).

Applying these rules to the instant case, it is at once clear that the petitions are insufficient. Charge 1 alleges a violation of the Act. In some instances a violation of the Act may constitute legally sufficient grounds for recall. Furthermore, the charge in the instant case conceivably could be sufficient to invoke sanctions under the Act itself. The charge, however, is insufficient to pass muster under the recall statute because it fails to meet the statutory requirement of a detailed description of the act complained of. RCW 29.82.010.

Charge 1 alleges that on June 26, 1984, the directors held a secret meeting at which they discussed and decided to vote negatively on an agenda item. The charge does not specify the particular agenda item discussed; it merely intimates that an agenda item was discussed. The general term "agenda item" fails to provide a detailed description of the nature of the act complained of. The charge does not identify to the electors and to the officials being recalled acts which, without justification, would constitute a prima facie showing of misfeasance, malfeasance or violation of the oath of office. The public cannot make an informed decision on whether to support the recall. Voters cannot determine whether they actually believe the act requires removal of the official from office. *See Herron v. McClanahan,* 28 Wn. App. 552, 559–60, 625 P.2d 707 (1981). The official is burdened with trying to defend against general allegations to which there cannot be a meaningful response. Such general charges subject officials to harassment not contemplated by Washington's constitutionally based recall right. *See Cole v. Webster,* 103 Wn.2d at 285. In addition, the general term

"agenda item" fails to indicate that the persons submitting the charges "have knowledge of the facts upon which the stated grounds for recall are based, rather than simply a belief that the charges are true." *Cole,* at 288. Hence, we hold that the term "agenda item" fails properly to inform the electorate and the official of the specific act for which the official is being recalled. We therefore reverse the trial court and find charge 1 factually insufficient.

We have thus far determined that the facts articulated in charge 1 fail to identify to the electors and to the officials being recalled acts which would constitute a prima facie showing of misfeasance or malfeasance. Charge 2 alleges the same facts as charge 1 but contends that, irrespective of any violation of the Act, such conduct constituted misfeasance and malfeasance. The deletion of a violation of the Act is not enough to make the charge sufficient. The charge still fails to contain a detailed description of the act complained of. Hence, we affirm the trial court finding that charge 2 is insufficient.

We also believe, contrary to the trial court's finding, that charge 3 filed against Teaford is insufficient. Through its legislative amendments in 1976 and 1984, the Legislature mandated judicial scrutiny of recall petitions. Such scrutiny does not allow a court to question the truth of the charges but does assure that a recall charge is both legally and factually sufficient. *Chandler,* at 274. As noted above, to be factually sufficient a charge must state facts which constitute a prima facie showing of misfeasance, malfeasance, or violation of the oath of office. *Chandler,* at 274. Prima facie in this context means accepting the allegations as true; the charge on its face supports the conclusion that the officer committed misfeasance, malfeasance or violation of the oath of office. Pursuant to the legislative definitions of these terms, the charge must on its face show the official acted wrongfully, improperly, unlawfully or negligently in the performance of his duties. A prima facie showing of misfeasance, malfeasance or violation of the oath of office will assure that both the voters and officials can make

intelligent decisions on the recall charge.

Charge 3 against Teaford is factually insufficient for several reasons. Although the charge identifies the acts taken, it fails sufficiently to specify why such acts constitute misfeasance, malfeasance or violation of the oath of office as defined in RCW 29.82.010. The mere contention that the acts were in derogation of some unknown board procedures and policies is not specific enough. Without providing the specific policies violated, the charge does not, on its face, support the conclusion that the director acted wrongfully, unlawfully or improperly as required by RCW 29.82.010. The failure to delineate the procedures and policies allegedly violated raises the possibility that the acts in question were discretionary acts. It is unknown whether the procedures and policies merely require that the Board's hiring decision be guided by knowledge, prudence and circumspection. If so, then such acts are discretionary and officials cannot be recalled for making a discretionary decision unless they act arbitrarily or unreasonably. *Cole,* at 284. There is no allegation that the Board acted arbitrarily or unreasonably. Furthermore, the vagueness inherent in charge 3 makes it impossible for the electorate to make an informed decision in the recall process. The official is likewise overly burdened in trying to respond to the charge. Hence, we hold that since charge 3 fails to specify the policies and procedures allegedly violated, it is factually insufficient.

Finally, we believe the remaining two charges are also insufficient. Charge 3 against Barr and Morasch and charge 4 against Barr are mere general allegations reflecting unspecific conduct of the directors. There is no allegation that the acts constituted misfeasance, malfeasance or violation of the oath of office. Hence, the trial judge was entirely correct in concluding that these two charges do not satisfy the criteria for which a recall petition may be filed. Hence, we affirm the trial court's finding that these two charges are insufficient.

In conclusion, we hold all of the charges propounded

against Medical Lake School District Directors Harry Teaford, Merle Barr and Sharon Morasch are factually insufficient and cannot constitute grounds for recall.

UTTER, BRACHTENBACH, ANDERSEN, and DURHAM, JJ., concur.

DOLLIVER, C.J. (concurring in part, dissenting in part)— For the reasons given by the dissent, I find charge 1 against all three directors is sufficient. As to the other charges, I concur in the views expressed by the majority.

CALLOW, J., concurs with DOLLIVER, C.J.

GOODLOE, J. (concurring in part, dissenting in part)— This case presents for review the legal and factual sufficiency of a variety of charges filed against three Medical Lake School District directors. I concur in the majority's determination that charge 3 against Barr and Morasch and charge 4 against Barr are insufficient. However, I find charge 1 against all three directors and charge 3 against Teaford are sufficient, and therefore dissent from the majority's determination of insufficiency. I would affirm all of the trial court's determinations.

On October 10, 1984, legal voters of Medical Lake School District filed charges with the Spokane County Auditor seeking recall elections of Medical Lake School District Directors Harry Teaford, Merle Barr and Sharon Morasch. The appealed charges are set out in the appendix.

A hearing on the sufficiency of the charges was held in Spokane County Superior Court before the Honorable Bruce Hanson, visiting judge, on November 1, 1984. Although never formally consolidated, the trial court was presented with and ruled upon the cases together.

An identical charge 1 was filed against each director. Paraphrased, charge 1 alleged that the three directors met privately at Medical Lake High School on June 26, 1984, at 7:15 p.m. At the private meeting, held just prior to a public school board meeting, the three discussed and decided to

vote negatively on an item of agenda that would be discussed at the public meeting. The charge further alleged this action constituted misfeasance, malfeasance, violation of the oath of public office and violation of the Open Public Meetings Act of 1971, RCW 42.30. Appendix. The trial judge found charge 1 sufficient.

An identical charge 2 was filed against each director. Charge 2 was the same as charge 1, except it did not allege violation of RCW 42.30. The trial judge found charge 2, being a duplication of charge 1, insufficient. This determination has not been appealed and will not be discussed further.

A charge 3 was filed against Harry Teaford. Paraphrased, charge 3 alleged that Teaford on September 10, 1984, at a regular school board meeting at Medical Lake High School divulged to a citizen the confidential deliberations of the Board's decision for hiring a superintendent and assistant superintendent. The charge further alleged this action was contrary to existing board practice and procedure, violated the privacy of the persons discussed, and constituted misfeasance, malfeasance, and violation of the oath of office. Appendix. The trial judge found charge 3 against Teaford sufficient.

A charge 3 was filed against Merle Barr and Sharon Morasch. Paraphrased, this charge 3 alleged that between May 1 and June 10, 1984, Barr and Morasch contacted Medical Lake High School teachers seeking support for a proposed 7–period school day. During this time, the proposed matter was still being studied. The charge further alleged this action violated school board policy, circumvented the Educational Employment Relations Act, RCW 41.59, and subjected the school district to a potential unfair labor practice charge. Appendix. The trial judge found charge 3 against Barr and Morasch insufficient.

A charge 4 was filed against Merle Barr. Paraphrased, the charge alleged that Barr on April 24, 1984, at a regular school board meeting at Medical Lake High School before approximately 250 citizens, falsely accused the high school

principal of presenting misinformation, concealed facts and downright lies. The charge further alleged this action was unprofessional, was not in the best interests of the school district, constituted misfeasance and malfeasance because it violated school board policy, and constituted a violation of the oath of office. Appendix. The trial judge found charge 4 insufficient.

The three directors appealed. The legal voters cross–appealed. On February 22, 1985, this court granted the motion for consolidation of these cases. On May 16, 1985, Judge Hanson reviewed his earlier decision in light of *Chandler v. Otto,* 103 Wn.2d 268, 693 P.2d 71 (1984) and *Cole v. Webster,* 103 Wn.2d 280, 692 P.2d 799 (1984), and denied the legal voters' motion for reconsideration.

RCW 29.82 governs recall proceedings. In addition to original jurisdiction, this court has "revisory jurisdiction over the decisions of the superior courts." RCW 29.82.160. Our review "constitutes a completely new de novo determination." *Claussen v. Peddycord,* 69 Wn.2d 224, 226, 417 P.2d 953 (1966).

RCW 29.82.010 provides the requirements for initiating the recall of an elected public officer. It provides, in pertinent part:

Whenever any legal voter . . . desires to demand the recall and discharge of any elective public officer . . . he . . . shall prepare a typewritten charge, reciting that such officer, naming him or her and giving the title of his office, has committed an act or acts of malfeasance, or . . . of misfeasance while in office, or has violated his oath of office . . . The charge shall state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of . . .

For the purposes of this chapter:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;

(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and

(b) Additionally, "malfeasance" in office means the

commission of an unlawful act;

(2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

RCW 29.82.010.

This court has determined that RCW 29.82.010 requires a recall petition be both factually and legally sufficient. *Chandler,* at 274; *Cole,* at 283.

> Factually sufficient means the petition must comply with the specificity requirements of RCW 29.82.010. As noted in [*Herron v. McClanahan,* 28 Wn. App. 552, 560, 625 P.2d 707, *review denied,* 95 Wn.2d 1029 (1981)], "these statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process." Factually sufficient indicates that although the charges may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office.

> Legally sufficient means that an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.

(Citations omitted.) *Chandler,* at 274.

It is necessary to review each charge for factual and legal sufficiency.

### Charge 1

The gravamen of charge 1 is that the three school directors met privately, discussed an agenda item and agreed on how they would vote on the agenda item. The directors argue that the charge is factually and legally insufficient because it fails to state the specific agenda item allegedly discussed. The majority agreed. I would hold the failure to allege the specific agenda item is not a fatal defect.

Charge 1 meets the specificity requirements for underly-

ing facts of RCW 29.82.010 because it gives the date, location, and nature of the act complained of. It is not vague. *See Cole,* at 286 (no allegation of time or place), citing *Herron v. McClanahan,* 28 Wn. App. 552, 560, 625 P.2d 707, *review denied,* 95 Wn.2d 1029 (1981). Charge 1 is factually sufficient.

The next question is whether charge 1 alleging violation of the open public meetings act is legally sufficient.

Our decisions have held that a prima facie showing of misfeasance, malfeasance, or violation of the oath of office must be evident from the charge. *Chandler,* at 274; *Cole,* at 285, 287–88. The charge 1 allegations, if true, show a violation of the open public meetings act.

The open public meetings act is a remedial legislative enactment and requires liberal construction of its provisions. RCW 42.30.910. It requires "meetings" of public bodies to be open and public. RCW 42.30.030. "Meeting" is defined in RCW 42.30.020(4) as meaning "meetings at which action is taken." RCW 42.30.020(3) states that

> "[a]ction" means the transaction of the official business of a public agency by a governing body including but not limited to *a collective decision made by a majority of the members of a governing body, a collective commitment or promise by a majority of the members of a governing body to make a positive or negative decision,* or an actual vote by a majority of the members of a governing body when sitting as a body or entity, upon a motion, proposal, resolution, order, or ordinance.

(Italics mine.) Laws of 1983, ch. 155, § 1, p. 669.

Charge 1 alleged the three directors, constituting a majority of the Board, "discussed an agenda item and agreed to vote in the negative on the agenda item." Appendix. If the three had only discussed an item under the act as it was written at the time, there clearly would be no prima facie showing of a violation.[1] However, what was

---

[1]RCW 42.30.020(3) has been amended effective July 28, 1985, as follows:

"(3) 'Action' means the transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony,

prohibited by the act at the time in question and what is alleged in charge 1 is the decision or commitment of the three directors made in private to vote negatively on an item to be addressed in the public meeting. Charge 1 thus alleges "action" required to be done at a "meeting" "open and public" was done in private.

The directors argue that there are statutory exceptions within the open public meetings act which may excuse or justify their action. *See* RCW 42.30.070, .110, .140. A fair reading of these exceptions shows their inapplicability in this case. RCW 42.30.070 provides that prior *notice* of public meetings may be dispensed with in certain emergencies, but it does not permit conducting a private meeting in an emergency. Furthermore, prior case law definitions of emergencies do not fit this case. *See Mead Sch. Dist. 354 v. Mead Educ. Ass'n,* 85 Wn.2d 140, 144–45, 530 P.2d 302 (1975). RCW 42.30.110 permits executive sessions *during* a regular or special meeting to consider certain items. The private meeting referred to in charge 1 occurred before the regularly scheduled meeting. RCW 42.30.140 states the provisions of the open public meetings act do not apply to the proceedings concerned with formal issuance of orders regarding licensing, that portion of a meeting dealing with quasi–judicial matters, matters governed by the administrative procedure act, RCW 34.04, or that portion of a meeting dealing with collective bargaining strategies. Charge 1 alleged the matter predecided by the three directors was set on the agenda for the public meeting. The exempted actions in RCW 42.30.140 are items which would not be included on an agenda for a public meeting and that is why they are exempted. Even if the item fell within one of the exceptions, I would hold a prima facie showing of misfeasance or malfeasance was made by the charge

---

deliberations, *discussions,* considerations, reviews, evaluations, and final actions. 'Final action' means a collective positive or negative decision, or an actual vote by a majority of the members of a governing body when sitting as a body or entity, upon a motion, proposal, resolution, order, or ordinance." (Italics mine.) Laws of 1985, ch. 366, § 1, p. 1301. Discussion of an item appears to be precluded now also.

because the three directors as a majority were making decisions without the presence or input of the other two board members.

## Charge 3 Against Teaford

Teaford argues that charge 3 against him for allegedly disclosing deliberations with respect to hiring is factually and legally insufficient because it fails to allege that any individual was actually discussed in the Board's deliberations, that any individual was actually named in the disclosure, and that a board practice or procedure against disclosure existed.

This charge alleges the date, location, and the nature of the act complained of. The charge further states that existing board practice and procedure is to discuss personnel matters only in executive session and to retain the information therein in confidence. Appendix.

A similar, although more specific, charge was upheld in *Bocek v. Bayley,* 81 Wn.2d 831, 505 P.2d 814 (1973), *overruled on other grounds in Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984). In *Bocek,* we held that presuming it was true that confidential information had been published, the charge was sufficiently stated. *Bocek,* at 833, 837. The charge of publication of confidential information evidences a prima facie showing of misfeasance or malfeasance as defined in RCW 29.82.010(1) and (1)(a).

## Charge 3 Against Barr and Morasch

The legal voters argue that charge 3 against Barr and Morasch for lobbying directly with teachers is sufficient even though it fails to contain a specific conclusory allegation that such conduct constituted either misfeasance, malfeasance, or violation of oath of office. RCW 29.82.010 specifically requires that the charge shall recite that the officer has committed an act or acts of misfeasance, malfeasance, or violation of oath of. office. This charge does not contain such a recital. This charge also does not use any of the language used in the definition of these terms. RCW 29.82.010(1), (2).

Factually, charge 3 against Barr and Morasch appears

vague because of the broad time frame, May 1 to June 10; the printed school board policy does not expressly prohibit contact with teachers; and only "circumvention" not violation of the Educational Employment Relations Act is alleged. Appendix. I agree with the majority that charge 3 is factually and legally insufficient.

### Charge 4 Against Barr

The legal voters argue that charge 4 against Barr for "falsely accusing" the high school principal at a public school board meeting is sufficient. Although unprofessional conduct had been alleged, no allegation was made that the conduct occurred wrongfully or willfully. The general definition of misfeasance and malfeasance in RCW 29.82.010(1) means "wrongful" conduct and the definition of violation of oath of office in RCW 29.82.010(2) means "wilful" conduct. Furthermore, the charge only alleges misfeasance and malfeasance in that the action violated section A of the school board policy. Falsely accusing a principal does not appear to violate section A of the printed school board policy. Falsely accusing the principal could be tied in to RCW 29.82.010(1)(a), performance of a duty in an improper manner, but this is not stated in the charge. Appendix. Also, if Barr had not challenged the principal's information when Barr believed the information was inaccurate, she would have violated her oath of office. I agree with the majority that charge 4 as filed is factually and legally insufficient.

In conclusion, I find the trial court's determinations of sufficiency and insufficiency correct and I would affirm the trial court's holdings.

### APPENDIX

Charge 1 (Filed Against Harry Teaford, Merle Barr,
and Sharon Morasch)

On June 26, 1984 at 7:15 p.m. at Medical Lake High School in the City of Medical Lake, Washington, the said Harry Teaford held a private meeting with School Board Members Sharon Morasch and Merle Barr just prior to a regularly scheduled public Board meeting. At this private meeting, the said Harry Teaford and the other two Board members,

constituting a majority of the Board, discussed an agenda item and agreed to vote in the negative on the agenda item. In so doing, the said Harry Teaford committed misfeasance, malfeasance and violation of the oath of his office by participating in a private meeting of a majority of the Board of Directors without proper notice and participating in the making of a collective decision by the Board outside of public hearing, in violation of the provisions of the Open Public Meetings Act, RCW 42.30. (Clerk's Papers (Teaford), at 4.)

### Charge 3 (Filed Against Harry Teaford)

On September 10, 1984, at a regular meeting of the Board of Directors of Medical Lake School District No. 326 at the Medical Lake High School in the City of Medical Lake, Washington, the said Harry Teaford broke the confidence of the Board by relating to a citizen the confidential deliberations which had gone into the Board's decision for hiring a superintendent and assistant superintendent. This action was contrary to existing Board practice and procedure of discussing personnel matters only in executive session and retaining the information therein in confidence, for the protection of the reputations of District employees. Such conduct violated the privacy of the persons who were discussed and constituted malfeasance and misfeasance in that it affected and interfered with the performance of the said Harry Teaford's official duties, constituted the performance of his duties in an improper manner, and violated his oath of office to "faithfully and impartially perform and discharge" the duties of his office. (Clerk's Papers (Teaford), at 5–6.)

### Charge 3 (Filed against Merle Barr, Sharon Morasch)

Between the dates of May 1 and June 10, 1984, both separately and together with Director Sharon Morasch the said Merle Barr acting in her capacity as Director of Medical Lake School District No. 326, contacted several Medical Lake high school teachers soliciting support for a proposed seven–period day in the high school. At the time the matter of a seven period day was under study. Such solicitation was in violation of School Board policy, Board of Directors, Section F which provides that School Board members act collectively and not individually and in violation of School Board policy relating to Board–Superintendent relationship. Such solicitations were in circumvention of the Educational Employment Relations Act, RCW 41.59 in that said proposal was properly a matter for bargaining with the duly elected bargaining agent of the certificated employees as part of wages, hours and terms and conditions of employment. Direct solicitation of teachers subjected the School District to a potential unfair labor practice charge. (Clerk's Papers (Barr), at 5–6).

### Charge 4 (Filed Against Merle Barr)

On April 24, 1984 during the course of a regular meeting of the Board

of Directors of Medical Lake School District No. 326 at Medical Lake High School in the City of Medical Lake, Washington, before approximately 250 citizens, Merle Barr, acting in her capacity as Director of Medical Lake School District No. 326, falsely accused the principal of the high school of presenting "misinformation, concealed facts and downright lies." Said act was unprofessional and not in the best interest of the School District. It constitutes misfeasance and malfeasance in that it was in violation of School Board policy relating to Board of Directors—Board—Superintendent Relationships, Section A. Said act violated the oath of office of Merle Barr to "faithfully and impartially perform and discharge the duties" of her office. (Clerk's Papers (Barr), at 6.)

DORE, J., concurs with GOODLOE, J.