[No. 59631-0. Department One. December 10, 1992.]

*In the Matter of the Recall of*
PETER HURLEY.

*Roger Edwin Hawkes,* for appellants.

*Michael L. Charneski,* for respondent Hurley.

*Seth R. Dawson, Prosecuting Attorney,* and *Barbara J. Dykes, Deputy,* for respondent Snohomish County.

PER CURIAM. — This is an appeal from a superior court order dismissing recall charges against Snohomish County Councilmember Peter Hurley. We affirm.

"The fundamental requirement is that the [recall] petition be both factually and legally sufficient." *In re Zufelt,*

112 Wn.2d 906, 910, 774 P.2d 1223 (1989). To be factually adequate, the petition cannot rely on conclusions, but must set forth the facts complained of in concise language, including "detailed descriptions" of the circumstances surrounding the alleged misconduct. *Zufelt*, at 910. To be legally adequate, the petition must "state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984); *Teaford v. Howard*, 104 Wn.2d 580, 584, 707 P.2d 1327 (1985); *In re Zufelt, supra* at 911; RCW 29.82.010.

"Misfeasance" and "malfeasance" both mean any wrongful conduct that affects, interrupts, or interferes with the performance of official duty. RCW 29.82.010(1). Additionally, "misfeasance" includes the performance of an official duty in an improper manner, and "malfeasance" includes the commission of any unlawful act. RCW 29.82.010(1)(a), (b). " 'Violation of the oath of office' " means the willful neglect or failure to perform faithfully a duty imposed by law. RCW 29.82.010(2).

At issue in this appeal are two charges against Councilmember Hurley. The first charge accuses him of trespassing onto Robert Wolford's property and of defaming Mr. Wolford by accusing him of a crime. Appellants claim that criminal and civil trespass and defamation each constitutes malfeasance or misfeasance. They cannot simply rely on the petition's use of the terms "trespass" and "defamation", however. Rather, the petition must describe sufficient facts to enable the electorate to decide if Hurley committed either trespass or defamation. *In re Zufelt, supra* at 911.

The petition fails to describe a criminal trespass. It does not say, for example, that Councilmember Hurley entered a building or that he knew his actions were unlawful. *See* RCW 9A.52.070(1); RCW 9A.52.080(1). The trial court therefore properly found the allegation of criminal trespass to be factually inadequate.

 The charge might be factually adequate to describe a civil trespass. Civil trespass, however, does not result in a civil fine or a criminal penalty and is not, therefore, "malfeasance" as that term is defined in RCW 29.82.010(1)(b). Nor are there any facts in the recall petition which suggest that the trespass was related to Councilmember Hurley's official duties. The conduct described therefore also does not constitute misfeasance under RCW 29.82.010(1)(a) or violation of the oath of office under RCW 29.82.010(2). Nor are there any facts from which to conclude that the alleged trespass affected, interrupted, or interfered with Councilmember Hurley's official duties, so as to constitute malfeasance or misfeasance under RCW 29.82.010(1). The allegation of civil trespass is therefore legally inadequate to support the recall petition.

The allegation of defamation is also inadequate because it relies on a legal conclusion (that Councilmember Hurley "defamed" Mr. Wolford) without setting forth facts to support that conclusion. The petition does not allege that the allegedly "defamatory" statement was false or that Mr. Wolford was damaged by that statement. *See Herron v. KING Broadcasting Co.*, 109 Wn.2d 514, 522, 746 P.2d 295 (1987) (elements of defamation), *adhered to on reconsideration*, 112 Wn.2d 762, 776 P.2d 98 (1989).

 The second recall charge at issue accuses Councilmember Hurley of willfully failing to fulfill a specific duty of his office by failing to prepare, verify, and file with the county auditor lists of county property, as required by RCW 36.32.210 and .220. RCW 36.32.210(1) says that each county commissioner shall verify and file inventory statements with the county auditor on the first Monday in March of each year. RCW 36.32.220 says that any county commissioner failing to file such statements shall be guilty of a gross misdemeanor. These statutes do not apply to county commissioners in home rule counties such as Snohomish County, however. Const. art. 11, § 4 (amend. 21) allows counties to adopt "home rule" charters for their own govern-

ment and to provide for such county officers as may be deemed necessary. After the adoption of a home rule charter, "[a]ll the powers, authority and duties granted to and imposed on county officers by general law . . . shall be vested in the legislative authority of the county unless expressly vested in specific officers by the charter." Const. art. 11, § 4 (amend. 21). Snohomish County's home rule charter does not vest the duties at issue here in any specific officer. Thus, pursuant to Const. art. 11, § 4 (amend. 21), the duties imposed on individual county councilmembers by RCW 36.32.210 are vested in the legislative authority of the county. Councilmember Hurley's alleged failure to file statements is not, therefore, a violation of RCW 36.32.210 or grounds for recall under RCW 29.82.010.

The trial court's order dismissing the recall charges is affirmed.