[No. 54640–1.  En Banc.  March 24, 1988.]

DARRYL JENKINS, *Appellant,* v. SUZANNE BIGGS STABLES, *Respondent.*

*Darryl Jenkins,* pro se.

*Lane, Powell, Moss & Miller,* by *Barry H. Biggs,* for respondent.

PER CURIAM.—Darryl Jenkins appeals a superior court order dismissing the recall petition he prepared against Mercer Island District Court Judge Suzanne Biggs Stables. We retained jurisdiction, RAP 4.2(a)(1); RCW 29.82.023, considered the matter without oral argument, RAP 11.6, and now affirm.

The recall petition contains five allegations of official misfeasance or malfeasance purportedly committed by Judge Stables in the course of several traffic court cases. The particulars of the five charges, as set forth in the petition, Clerk's Papers, at 4, are as follows: First, during a trial in which Mr. Jenkins was a party, the judge "refused to grant a continuance which had not been asked for", but which Mr. Jenkins had "threatened" to request in order to obtain a rebuttal witness' testimony. Second, in another case also involving Mr. Jenkins, the judge found for the City "by aiding and abetting in their racketeering." (Judge Stables allegedly disregarded due process and ignored two decisions which Mr. Jenkins evidently believed to be controlling.) Third, in still another traffic case, the judge refused "to allow a defendant the right to have counsel." Fourth, in the same case, Judge Stables allowed a police officer to testify while he was "high on drugs." Finally,

Judge Stables found the defendant in yet another case to be guilty of speeding even though the offense allegedly had been committed in a jurisdiction other than Mercer Island.

Upon the filing of Mr. Jenkins' recall charges, the King County Prosecuting Attorney prepared a ballot synopsis, as required by RCW 29.82.021, and then filed a petition in superior court to determine the adequacy of the charges and the ballot synopsis. The Superior Court found each of the five charges to be both legally and factually insufficient to support a recall. The court therefore dismissed the petition without addressing the adequacy of the ballot synopsis.

■ The issue before this court is "whether or not the acts stated in the charge satisfy the criteria for which a recall petition may be filed". RCW 29.82.023. A recall charge is factually sufficient only if the person making the charge has knowledge of the underlying facts, as opposed simply to a belief that the charges are true. *Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984). Also, the petition must describe the charge with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process. *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Finally, the matters alleged must amount to misfeasance, malfeasance, or violation of the official's oath of office. RCW 29.82.010. Under these requirements, the charges here are patently insufficient.

Charge 1 fails to describe any act of misfeasance or malfeasance; it says only that Judge Stables refused to grant a continuance which Mr. Jenkins threatened to, but did not, request. The "racketeering" alleged in charge 2 is not further described. The charge, aside from criticizing a decision against Mr. Jenkins, fails to apprise the electorate of the alleged wrongdoing with sufficient precision to enable an informed response to or judgment on the recall request.

Charge 3 also is factually inadequate. First, it simply is not clear what the judge did or did not do. Assuming the prosecuting attorney's proposed synopsis is correct, the charge apparently relates to the judge's failure to appoint

counsel for Mr. Jenkins' son, who was the defendant in the case in question. There is no basis in the charge, however, for determining whether appointment of counsel was constitutionally required. The charges does not say, for example, that Mr. Jenkins' son was indigent, nor is there any indication that the type of proceeding was such as to entitle him to counsel. *See* CrRLJ 3.1(a).

Charge 4 states that an officer was allowed to testify while "high on drugs." Significantly, the charge contains nothing to suggest that the judge knew or should have known of the officer's supposed condition. The charge, therefore, does not identify conduct which would qualify as malfeasance or misfeasance. Finally, the fifth charge similarly is factually inadequate. It fails even to identify the particular case in which the alleged misconduct occurred.

In sum, the Superior Court correctly found that none of the charges in Mr. Jenkins' petition is adequate to support a recall petition. The order dismissing the recall petition is therefore affirmed.