[No. 54945-1.  Department One.  July 7, 1988.]

*In the Matter of the Recall of*
DENNIS MORRISETTE.

DELLA JEAN KOSTELLO, ET AL, *Appellants,* DENNIS MORRISETTE, *Respondent.*

*Jack L. Burtch,* for appellants.

*Brown, Edwards, Lewis & Janhunen,* by *Curtis M. Janhunen,* for respondent.

PER CURIAM.—Nicholas and Della Kostello appeal from a superior court order dismissing their petition to recall Grays Harbor County Sheriff Dennis Morrisette. We retained jurisdiction pursuant to RAP 4.2(a)(1) and RCW 29.82.023, and considered the matter without oral argument. RAP 11.6. We now affirm.

The recall petition contains five allegations of official misfeasance and malfeasance purportedly committed by Sheriff Morrisette. In the first two allegations, appellants charged Sheriff Morrisette with "absolute failure, negligence, and improper handling of evidence" resulting in a $1,300 loss in the first incident and a $1,050 loss in the second. Both of these acts allegedly occurred "within the compound of the Grays Harbor County Sheriff's Department." Appellants alleged third that a sheriff's deputy failed to "arrest and make complaint against criminal trespassers" and failed to arrest a fire chief who allegedly assaulted Nicholas Kostello in the deputy's presence. Appellants' fourth charge alleged that they photographed and videotaped "beer and hard liquor in and around the firefighting apparatus of the Brady Firehall" and that they were "attacked and verbally threatened" by the fire fighters. Appellants alleged they contacted the sheriff's department, but a dispatcher said no deputy would be sent to the scene. Appellants said they were concerned that the fire fighters did not have "an authorized banquet permit" under RCW Title 66.[1] Thus, they contend Sheriff Morrisette has "knowingly and wilfully failed to uphold title 66 RCW." Finally, appellants charged Sheriff Morrisette with failing to investigate alleged timber thefts in Olympic National Forest which two sheriff's detectives purportedly brought to his attention.

The Grays Harbor County Prosecuting Attorney prepared a ballot synopsis, as required by RCW 29.82.021, and filed a petition to determine the sufficiency of the charges and the synopsis. After a hearing in which the appellants were examined, the Superior Court dismissed the petition as factually insufficient.

The issue before this court is "whether or not the acts stated in the charge satisfy the criteria for which a recall

---

[1]Liquor may not be consumed or kept in a "public place" without a special banquet permit issued by the Liquor Control Board. RCW 66.24.481.

petition may be filed, . . ." RCW 29.82.023. A recall petition must

> state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, . . . and be verified under oath that [the petitioners] believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

RCW 29.82.010.

A court reviewing a recall petition must determine "the sufficiency of charges as a matter of law and decide whether the facts, if true, establish a prima facie act of misfeasance, malfeasance, or a violation of the oath of office." *Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984). The petition must describe the charges "with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables,* 110 Wn.2d 305, 307, 751 P.2d 1187 (1988); *see also Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Under these requirements, appellants' charges are clearly insufficient.

In each of the first two charges, appellants allege that on some unspecified date, the sheriff, in some unknown manner, mishandled an undescribed item of evidence of unknown origin and ownership. These acts purportedly occurred somewhere in the "compound" of the sheriff's department; appellants do not assert that Sheriff Morrisette personally handled or directed the handling of the evidence in question.

The third charge accuses a deputy of failing to arrest unnamed "criminal trespassers" and a fire chief who allegedly "assaulted" Nicholas Kostello in the deputy's presence. Appellants set forth none of the facts of these incidents. Voters cannot determine from these conclusory charges whether the deputy should have made arrests.

Furthermore, appellants do not allege that Sheriff Morrisette knew of these incidents or that he directed the deputy's actions. Appellants contend Sheriff Morrisette is legally responsible for the actions of his subordinates. While this might be true as a principle of tort law, appellants cite no authority for the proposition that a public official may be recalled for the act of a subordinate done without the official's knowledge or direction.

The fourth charge is also directed against a sheriff's department employee. Appellants do not assert Sheriff Morrisette knew of the liquor at the Brady Firehall. Moreover, it cannot be determined from the facts as alleged whether the matter should have been investigated. Appellants say they were "concerned" that the members of the firehall did not have a banquet permit, but they do allege the fire fighters in fact had no permit. Appellants also do not describe their alleged confrontation with the fire fighters in sufficient detail.

Finally, the fifth charge contains no details of Sheriff Morrisette's failure to investigate alleged timber thefts in Olympic National Forest. As the Superior Court observed, it is doubtful Sheriff Morrisette even had jurisdiction to investigate the thefts. Moreover, at the hearing on the petition, appellants testified they had no personal knowledge of the facts underlying this charge; they based their charge solely on what a sheriff's detective told them.

In sum, the Superior Court correctly found that none of appellants' charges is adequate to support the recall petition.

Appellants also contend the statutory recall procedures unconstitutionally restrict the people's right of recall. *See* Const. art. 1, §§ 33, 34 (amend. 8). In *Chandler v. Otto, supra,* we observed that the statutory recall procedures carry out the intent of the drafters to limit the scope of the right of recall to recall for cause. *Chandler v. Otto,* at 271–72; *see also Cole v. Webster, supra* at 283. Appellants have

not met their burden of proving the statutes unconstitutional. *Hontz v. State,* 105 Wn.2d 302, 306, 714 P.2d 1176 (1986).

The order dismissing the recall petition is affirmed.