[No. 55990-2.   Department One.   June 29, 1989.]

*In the Matter of the Recall of*
PAUL DEBRUYN, ET AL.

*Erickson & Barkshire, P.S.,* by *Stephen O. Kenyon,* for appellants.

*Robert E. Corning,* for respondents.

PER CURIAM.—This case involves a recall petition filed against two members of the Normandy Park City Council. The issue is whether the charges in the recall petitions are factually and legally sufficient. The Superior Court held that none were sufficient. We affirm.

On January 19, 1989, John and Valerie Gower, hereafter called appellants, filed three charges against Normandy Park City Council members DeBruyn and Kaseburg alleging acts of malfeasance, misfeasance and/or a violation of their oath of office as defined by RCW 29.82.010.

RCW 29.82 governs the recall process. RCW 29.82.010 reads:

> Whenever any legal voter of the state or of any political subdivision thereof, either individually or on behalf of

an organization, desires to demand the recall and discharge of any elective public officer of the state or of such political subdivision, as the case may be, under the provisions of sections 33 and 34 of Article 1 of the Constitution, he or they shall prepare a typewritten charge, reciting that such officer, naming him or her and giving the title of his office, has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated his oath of office, or has been guilty of any two or more of the acts specified in the Constitution as grounds for recall. The charge shall state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, be signed by the person or persons making the charge, give their respective post office addresses, and be verified under oath that he or they believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

For the purposes of this chapter:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;

(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and

(b) Additionally, "malfeasance" in office means the commission of an unlawful act;

(2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

When reviewing a recall petition we determine "'the sufficiency of charges as a matter of law and decide whether the facts, if true, establish a prima facie act of misfeasance, malfeasance, or a violation of the oath of office.'" *In re Morrisette*, 110 Wn.2d 933, 935, 756 P.2d 1318 (1988) (quoting *Cole v. Webster*, 103 Wn.2d 280, 288, 692 P.2d 799 (1984)). The "petition must describe the charge with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *Jenkins v. Stables*, 110 Wn.2d 305, 307, 751 P.2d 1187 (1988). *See Chandler v.*

*Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984). A recall petition must be both legally and factually sufficient. *Chandler,* at 274.

Factually sufficient means the petition must comply with the specificity requirements of RCW 29.82.010. . . . "[T]hese statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process." Factually sufficient indicates that although the charges may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office.

Legally sufficient means that an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.

(Citations omitted.) *Chandler,* at 274.

"A recall charge is factually sufficient only if the person making the charge has knowledge of the underlying facts, as opposed simply to a belief that the charges are true." *Jenkins,* 110 Wn.2d at 307. *See Cole v. Webster, supra.*

We conclude that, under these requirements, the recall charges are not legally sufficient. None of the charges enunciate violations of RCW 29.82.010 by wrongful conduct, by the performance of a duty in an improper manner, by the commission of an unlawful act or the willful neglect of or failure to perform a duty.

## CHARGE 1

A motion was offered by DeBruyn and seconded by Kaseburg on February 9, 1988, directing the city manager to redraft a personnel ordinance. The appellant's charge that such action by the council constituted interference with the authority of the city manager pursuant to RCW

35.18.110. The appellant's claim is erroneous. RCW 35.18-.110 provides that the city council shall deal with city employees through the city manager.

The appellants do not explain how moving to have a proposed ordinance drawn for later consideration approaches misfeasance, malfeasance, or violation of the oath of office. The charges against a public official must allege a *prima facie act* of malfeasance or misfeasance so that the challenged official and the public will know what wrongdoing is claimed. *Jenkins v. Stables, supra.* If the allegation does not set forth a wrongful act, the petition fails. Directing that an ordinance be drafted, or directing that the subject be put on the agenda for the next meeting, is a matter within the discretion of the council. Elected officials cannot be recalled for appropriately exercising the discretion granted to them by law. *Chandler,* 103 Wn.2d at 274.

The allegation that the council's action constituted an unfair labor practice as it amounted to a violation of the City's contractual relationship by unilaterally changing wages and hours also falls short. RCW 35.33.107 provides for the adjustment of wages, hours and conditions of employment by the legislative body of any city or town. The council only requested a redraft of the personnel ordinance. The motion was not an official action but rather a direction to the city manager to prepare an ordinance for consideration and discussion.

CHARGE 2

The second charge asserts that both council members participated in an executive session in violation of the Open Public Meetings Act of 1971. RCW 42.30.110 permits discussion by a governing body of salaries in executive sessions subject to RCW 42.30.140(4). RCW 42.30.140(4) provides that the act does not apply to:

That portion of a meeting during which the governing body is planning or adopting the strategy or position to be taken by such governing body during the course of any collective bargaining, professional negotiations, grievance or mediation proceedings, or reviewing the

proposals made in such negotiations or proceedings while in progress.

The announced purpose of the executive session was to discuss background information concerning the dissatisfaction of city employees, and their reasons for considering collective bargaining. The appellants allege the issues discussed at the executive session did not include or went beyond planning strategies for collective bargaining or professional negotiations. This charge is also insufficient. The charge does not identify "acts which, without justification, would constitute a prima facie showing of misfeasance, malfeasance or violation of the oath of office." *Teaford v. Howard,* 104 Wn.2d 580, 585, 707 P.2d 1327 (1985). Therefore, "[t]he public cannot make an informed decision on whether to support the recall. Voters cannot determine whether they actually believe the act requires removal of the official from office." *Teaford,* at 585.

Appellants were not present at the executive session nor were they present at the balance of the meeting. They learned of the meeting from the minutes and from those who were present. This charge also fails to state what conduct amounted to misfeasance, malfeasance or violation of the oath of office. Indeed appellants are uncertain whether or not collective bargaining strategies were discussed by the council members during the executive session. Such a discussion would seem proper by council members under RCW 42.30.140(4). As held in *Estey v. Dempsey,* 104 Wn.2d 597, 602, 707 P.2d 1338 (1985) (quoting *Chandler v. Otto, supra* at 274): "[A]n elected official cannot be recalled for appropriately exercising the discretion granted him or her by law."

### CHARGE 3

The third charge alleges that the announced purpose of the executive session of September 20, 1988, was to discuss the City's legal liability with regard to the closure of Sixth Avenue South West, that the charged officials did so without legal counsel present, and that such a discussion is not exempt from the Open Public Meetings Act of 1971.

■ This charge does not specify some wrongdoing. We have held that "[m]isfeasance means the improper doing of an act an officer might lawfully do; or, in other words, it is the performance of a duty in an improper manner." (Citation omitted.) *Berge v. Gorton,* 88 Wn.2d 756, 760, 567 P.2d 187 (1977). Malfeasance has been defined as:

> " 'Evil doing; ill conduct; the commission of some act which is positively unlawful; the doing of an act which is wholly wrongful and unlawful; the doing of an act which the person ought not to do at all; the doing of what one ought not to do; the performance of some act which ought not to be done; the unjust performance of some act which the party had no right, or which he had contracted not, to do.'

(Citation omitted.) *Berge,* at 761, quoting *State v. Miller,* 32 Wn.2d 149, 152, 201 P.2d 136 (1948). The appellants were present at the meeting but not the executive session and have no knowledge, other than conjecture, of what occurred during the short executive session. No minutes, recording, or statements of participants of what occurred during the 5-minute executive session have been provided. "In a recall case, recall petitioners should at least have knowledge of facts which indicate an *intent* to commit an unlawful act." *Estey,* 104 Wn.2d at 605.

The appellants are seeking to expose public officers to recall, who, in their view, took unpopular positions. "[T]he authors of the constitutional recall provisions sought to limit application of the recall to the removal of wrongdoers occupying elective office." *Estey,* at 601. The appellants candidly admit that their actions are directly related to a "political dispute" between themselves and the two council members. Furthermore, only two of the council members are singled out for recall, whereas the other council members who also participated in the executive sessions have not been brought up on recall charges.

The dismissal of all charges of the recall petition as insufficient is affirmed.