[No. 56109–5.   Department Two.   September 14, 1989.]

*In the Matter of the Recall of*
VICKI MCNEILL, ET AL.

*Patrick K. Stiley,* for appellants.

*Preston, Thorgrimson, Ellis & Holman,* by *Thomas F. Kingen* and *Cynthia Imbrogno,* for respondents.

PER CURIAM.—This case involves a recall petition filed against Spokane Mayor Vicki McNeill and several Spokane City Council members. The issues are: (1) whether the charges in the recall petitions are factually and legally sufficient, and (2) whether the appeal is moot as to some of the respondents in view of the upcoming elections. The Superior Court determined that the charges were insufficient and dismissed the petitions. We affirm.

On March 15, 1989, James Noland and several other Spokane citizens, hereafter called appellants, filed five charges against Spokane Mayor Vicki McNeill and Spokane City Council members Dave Robinson, Rob Higgins, Joel Crosby, Robert Dellwo, and Jack Hebner, hereafter called respondents, alleging acts of malfeasance, misfeasance and/or a violation of their oath of office as defined by RCW 29.82.010.

RCW 29.82 governs the recall process. RCW 29.82.010 reads:

> Whenever any legal voter of the state or of any political subdivision thereof, either individually or on behalf of an organization, desires to demand the recall and discharge of any elective public officer of the state or of such political subdivision, as the case may be, under the provisions of sections 33 and 34 of Article 1 of the Constitution, he or they shall prepare a typewritten charge, reciting that such officer, naming him or her and giving the title of his office, has committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated his oath of office, or has been guilty of any two or more of the acts specified in the Constitution as grounds for recall. The charge shall state the act or acts complained of in concise language, give a detailed description including the approximate date, location, and nature of each act complained of, be signed by the person or persons making

the charge, give their respective post office addresses, and be verified under oath that he or they believe the charge or charges to be true and have knowledge of the alleged facts upon which the stated grounds for recall are based.

For purposes of this chapter:

(1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;

(a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and

(b) Additionally, "malfeasance" in office means the commission of an unlawful act;

(2) "Violation of the oath of office" means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law.

■ This court reviews recall petitions under the same criteria as the superior court. *In re Zufelt,* 112 Wn.2d 906, 774 P.2d 1223 (1989); *Estey v. Dempsey,* 104 Wn.2d 597, 600, 707 P.2d 1338 (1985). Upon review of a recall petition we determine whether the sufficiency of charges as a matter of law establish a prima facie act of misfeasance, malfeasance, or a violation of the oath of office. *In re DeBruyn,* 112 Wn.2d 924, 926, 774 P.2d 1196 (1989). *See In re Morrisette,* 110 Wn.2d 933, 935, 756 P.2d 1318 (1988); *Cole v. Webster,* 103 Wn.2d 280, 288, 692 P.2d 799 (1984).

The fundamental requirement of a recall petition is that it be both factually and legally sufficient. *Zufelt,* at 907; *Teaford v. Howard,* 104 Wn.2d 580, 584, 707 P.2d 1327 (1985); *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984).

Factually sufficient means the petition must comply with the specificity requirements of RCW 29.82.010. . . . "these statutory requirements ensure that both the public electorate and the challenged elective official will make informed decisions in the recall process." Factually sufficient indicates that although the charges may contain some conclusions, taken as a whole they do state sufficient facts to identify to the electors and to the official being recalled acts or failure to act which without justification would constitute a prima facie showing of misfeasance, malfeasance, or a violation of the oath of office.

Legally sufficient means that an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law. To be legally sufficient, the petition must state

with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office.

(Citations omitted.) *Chandler,* at 274.

The recall "petition must describe the charge with sufficient precision and detail to enable the electorate and the challenged official to make informed decisions in the recall process." *DeBruyn,* at 926 (quoting *Jenkins v. Stables,* 110 Wn.2d 305, 307, 751 P.2d 1178 (1988)). *See Chandler v. Otto, supra* at 274.

## CHARGE I

The appellants charge that the respondents violated constitutional guaranties of due process and the requirements of the Spokane City Charter by failing to provide proper notice and opportunity for public comment on the "modification" made in connection with the incinerator contract and its notice to proceed. Appellants allege that the respondents were aware that the City Manager was modifying the contract and ordinance by issuing a conditional notice to proceed and that the respondents impliedly ratified the modification by their failure to object.

Appellants have not explained how due process guaranties enter into this case. Moreover, the appellants have not shown that respondents took any "action" which would invoke the city charter notice requirements. The allegation that respondents' failure to object to the City Manager's issuance of conditional notice to proceed does not "state with specificity the substantial conduct which clearly amounts to misfeasance, malfeasance or a violation of the oath of office." *Estey,* 104 Wn.2d at 604.

It was within the responsibility and power of the City Manager, as provided for by the city charter, to see that contracts of the City are performed and to issue conditional notices to proceed. Appellants have not shown that respondents did any act not within their discretion. "[A]n elected official cannot be recalled for appropriately exercising the discretion granted him or her by law." *Chandler,* at 274.

Charge I is deficient both legally and factually, as the charge does not state with specificity the wrongful nature of the conduct of the respondents.

## CHARGE II

■ The second charge asserts that respondents acted arbitrarily and capriciously in taking the actions described in the first charge. This charge is also insufficient as it does not identify "acts which, without justification, would constitute a prima facie showing of misfeasance, malfeasance or violation of the oath of office." *Teaford v. Howard,* 104 Wn.2d 580, 585, 707 P.2d 1327 (1985). Therefore, "[t]he public cannot make an informed decision on whether to support the recall. Voters cannot determine whether they actually believe the act requires removal of the official from office." *Teaford,* at 585.

## CHARGE III

The third charge filed by the appellants claims that passing ordinance 29285 on January 9, 1989, was an arbitrary exercise of power under the Spokane City Charter. The appellants claim that the city charter provides for notice by two public readings, by title, of any proposed ordinance to be considered and enacted by the Council. The appellants rely on article III, section 15(a) of the Spokane City Charter, which reads:

> Section 15. **Time of Passage.**
> (a) Every ordinance except those enacted under the provisions of Section 19(a) of this Charter shall have two public readings by title, which readings shall not be on the same day. At least three days shall elapse between the introduction and the final passage of any ordinance, except as otherwise provided in this Charter.

However, ordinance 29285 was enacted under the provisions of article III, section 19(a), which, as pertinent, reads:

> Section 19. **Ordinances, When effective.**
> (a) *The following ordinances may be passed by the city council on the first reading by title and shall take effect immediately upon passage,* unless otherwise provided in the ordinance:

1. An ordinance necessary for the immediate preservation of the public peace, health, or safety, *or for the immediate support of city government and its existing public institutions; provided it has in its preamble or body a statement of the facts giving rise to the necessity* for immediate effectiveness and it is passed by a vote of one more than a majority of the council;

(Italics ours.)

Passage of ordinance 29285 was a proper exercise of legislative discretion under article III, section 19(a)(1). In passing the amended ordinance on January 9, 1989, the Council stated:

The city has received an offer to purchase the series 1989 Bonds which will be withdrawn if not accepted this date. The financial advisor to the city has advised the city that said offer is advantageous and that the city should accept it. In order to effectively accept said offer, this ordinance must become effective immediately. Based upon said facts, an emergency and urgency is hereby declared to exist. Based upon said emergency and urgency, this ordinance shall be effective immediately upon its adoption and approval.

Recall petition, at 7–8.

■ The third charge does not state a prima facie case. We have long held to the rule that a legislative declaration of emergency and necessity for an enactment is conclusive and must be given effect, unless the declaration on its face is obviously false and a palpable attempt at dissimulation. *State ex rel. Humiston v. Meyers,* 61 Wn.2d 772, 778, 380 P.2d 735 (1963). *See State ex rel. Hamilton v. Martin,* 173 Wash. 249, 23 P.2d 1 (1933).

### CHARGE IV

The fourth charge alleges a violation of the Open Meetings Act of 1971, RCW 42.30. However, petitioners acknowledged the meeting in question was open to the public. Therefore, the fourth charge is insufficient as the allegations do not meet the requirements of either legal or factual sufficiency.

### Charge V

The fifth charge contends that the respondents abused their discretion by approving the incinerator contract without first settling on a method of ash disposal. As previously indicated, "an elected official cannot be recalled for appropriately exercising the discretion granted him or her by law." *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Further, appellants' recall petition fails to allege any facts showing that respondents' actions amounted to misfeasance, malfeasance or violations of the oath of office. The petition merely attacks the judgment of the respondents.

We affirm the decision of the trial court in dismissing the recall charges.

### Is the Appeal Moot as to Some of the Respondents In View of the Upcoming Elections?

Respondents, Mayor McNeill and Council members Robinson, Higgins, and Hebner move to dismiss the appeal as to them because they will be up for reelection in November 1989. We grant respondents' motion, and dismiss the appeal as to McNeill, Robinson, Higgins and Hebner.

RCW 29.82 provides for recall of elected officials in Washington. Time limitations for the filing of supporting signatures can be found at RCW 29.82.025, which reads:

(1) The sponsors of *a recall demanded of any public officer shall stop circulation and file all petitions with the appropriate elections officer not less than six months before the next general election in which the officer whose recall is demanded is subject to reelection.*

(2) The sponsors of a recall demanded of an officer elected to a state–wide position shall have a maximum of two hundred seventy days and the sponsors of a recall demanded of any other officer shall have a maximum of one hundred eighty days in which to obtain and file supporting signatures after the issuance of a ballot synopsis by the superior court. If the decision of the superior court regarding the sufficiency of the charges is not appealed, the one hundred eighty or two hundred seventy day period for the circulation of signatures begins on the sixteenth day following the decision of the superior court. If the decision of the superior court regarding the sufficiency of the charges is appealed, the one hundred eighty or

two hundred seventy day period for the circulation of signatures begins on the day following the issuance of the decision by the supreme court.

(Italics ours.)

■ The language of RCW 29.82.025 is plain on its face and prohibits the recall process from occurring within six months of the next general election in which the officer whose recall is demanded is subject to reelection. *See Janovich v. Herron,* 91 Wn.2d 767, 772, 592 P.2d 1096 (1979).

In addition to affirming the trial court in its dismissal of the recall petition upon its finding that the recall charges were legally and factually insufficient, we hold that the appellants are prohibited by statute from gathering signatures on a recall petition against those officials who will be on the ballot for reelection in November.