

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE SEP 1 2 2019
Fairhurst, CQ.
CHIEF JUSTICE

This opinion was
filed for record
at 8 am on Sept 12, 2019
Susan C. Carlson
Susan L. Carlson
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

In the Matter of the Recall Petition of

CHRISTA "TEAGAN" LEVINE,

Respondent.

NO. 97306-7

EN BANC

Filed **SEP 1 2 2019**

STEPHENS, J.—Two voters in the city of Tonasket, Washington, filed a recall petition, seeking to remove respondent Christa "Teagan" Levine from her position on the Tonasket City Council. As detailed below, the Okanogan County Superior Court determined all five of the allegations in the petition were insufficient to warrant a recall election. One of the two petitioners, appellant Brenda Jones, sought review in this court. We affirm the superior court's dismissal of all five charges.

## BACKGROUND

The recall petition alleged that Councilwoman Levine committed five violations warranting her recall:

1. Attempting to abscond with the Mayor's hiring/firing/personnel authority;

2. Conspiring to terminate the City Attorney and cause the Mayor of Tonasket to resign as part of an illegal quorum;
3. Conspiring to disband the Tonasket Police Department in favor of a contract for police services with the Okanogan County Sheriff; and compromising the integrity of investigative materials and evidence in the process; . . .
4. Improperly withholding public records[; and]
5. Filing a false and misleading police report with the Okanogan County Sheriff's Office related to the performance of her duties as Councilwoman.

Clerk's Papers (CP) at 15.

In addition to the recall petition, the trial court considered several declarations submitted by petitioner Jones, Diane MacGregor-Foreman, Jose Perez, John Cruz, Darin Odegaard, and Brittany Wilson. It also considered declarations from respondent Levine, as well as from Michael Howe, Jensen Sackman, and Alice Attwood. After a hearing, the trial court dismissed all five charges, finding them factually and legally insufficient to sustain further action. Jones sought review in this court, assigning error to the trial court's rulings on every charge. Appellant's Br. (App. Br.) at 1.

## ANALYSIS

A voter who seeks to recall an elected official must charge that the official "committed an act or acts of malfeasance, or an act or acts of misfeasance while in office, or has violated the oath of office." RCW 29A.56.110. The statute defines these terms:

-2-

> (1) "Misfeasance" or "malfeasance" in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;
>     (a) Additionally, "misfeasance" in office means the performance of a duty in an improper manner; and
>     (b) Additionally, "malfeasance" in office means the commission of an unlawful act;
> (2) "Violation of the oath of office" means the neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law.

*Id.*

Before the sponsors of a recall may seek supporting signatures, the superior court of the county in which the officer subject to recall resides must determine that the petition is both factually and legally sufficient. RCW 29A.56.130(2), .140, .150(2); *In re Recall of Pepper,* 189 Wn.2d 546, 553, 403 P.3d 839 (2017) (citing *Chandler v. Otto,* 103 Wn.2d 268, 274, 693 P.2d 71 (1984)).

"A recall petition is legally sufficient if it "'state[s] with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office" and there is no legal justification for the challenged conduct." *Recall of Pepper,* 189 Wn.2d at 554 (alteration in original) (quoting *In re Recall of Boldt,* 187 Wn.2d 542, 549, 386 P.3d 1104 (2017) (quoting *Chandler,* 103 Wn.2d at 274)). The petition must "identify the "'standard, law, or rule that would make the officer's conduct wrongful, improper, or unlawful.""" *Id.* at 555 (quoting *In re Recall of Bolt,*

177 Wn.2d 168, 181, 298 P.3d 710 (2013) (quoting *In re Recall of Ackerson*, 143 Wn.2d 366, 377, 20 P.3d 930 (2001))).

A petition is factually sufficient if it alleges acts or failures to act that, without justification, would constitute misfeasance, malfeasance, or a violation of the oath of office. *Id.* If the petition alleges that the subject committed an unlawful act, it is factually sufficient only if it also alleges "'facts indicating the official had knowledge of and intent to commit an unlawful act.'" *Id.* (quoting *Recall of Boldt*, 187 Wn.2d at 549 (citing *In re Recall of Telford*, 166 Wn.2d 148, 158, 206 P.3d 1248 (2009))). A petitioner need not have firsthand knowledge of the facts supporting a petition but must present some evidence beyond mere belief or speculation that the charges are true. *Id.* "The purpose of requiring factual sufficiency is to ensure that charges, 'although adequate on their face, do not constitute grounds for recall unless supported by identifiable facts.'" *In re Recall of Wade*, 115 Wn.2d 544, 549, 799 P.2d 1179 (1990) (quoting *Teaford v. Howard*, 104 Wn.2d 580, 585, 707 P.2d 1327 (1985)).

The sufficiency of a recall petition is reviewed de novo. *Recall of Boldt*, 187 Wn.2d at 549.

A. Instead of Identifying Any Specific Error in the Trial Court's Rulings, Jones Argues Broadly That the Court Erred by Considering Any of the Respondents' Factual Pleadings

The trial court ruled that the petition was both factually and legally insufficient with respect to every charge. In her briefing in this court, Jones does not specifically identify any single error in the trial court's rulings. Instead, Jones argues generally that a respondent to a recall petition may file only *legal* pleadings in the trial court, not factual ones. App. Br. at 5-6. Jones contends that the trial court therefore erred by even considering the respondents' factual pleadings and that this means our "review must be nearly entirely *de novo*." App. Br. at 6. As noted, this is always the standard of review in a recall petition. Under the umbrella of that general argument, Jones "stands on the factual allegations in the initial Recall Petition and the arguments of counsel at the sufficiency hearing." App. Br. at 7 (citation omitted).

Jones is correct that the trial court does not determine the *truth* of the charges when it rules on sufficiency. RCW 29A.56.140 (at sufficiency hearing, "[t]he court shall not consider the truth of the charges, but only their sufficiency"). Contrary to her argument, however, a trial court does not err by considering evidence submitted in response to a recall petition; such evidence is admissible "for the purpose of determining whether there is any factual basis for the charges." *In re Recall of Beasley*, 128 Wn.2d 419, 427, 908 P.2d 878 (1996); *see, e.g., Recall of Wade*, 115

Wn.2d at 549-51 (allegations that male candidate was ranked ahead of female candidate "sometime in the selection process," combined with the fact that female candidate was later selected, were not factually or legally sufficient to sustain a charge that school board members violated law against gender discrimination; in reaching that conclusion, the court could consider the existence of affidavits by school board members attesting to the reasons underlying their decision).

As detailed below, none of the trial court's sufficiency rulings rested on a weighing of conflicting evidence or a determination of credibility. Jones therefore fails to identify any grounds for reversing the trial court's rulings on factual sufficiency. Additionally, Jones fails to challenge any of the trial court's rulings on legal sufficiency, all independent, adequate bases for dismissing each charge. The following section examines each charge and ruling and explains why the trial court properly dismissed it.

B. We Affirm the Trial Court's Dismissal of Every Charge

In support of charges 1 ("[a]ttempting to abscond with the Mayor's hiring/firing/personnel authority," CP at 15) and 2 ("[c]onspiring to terminate the City Attorney and cause the Mayor of Tonasket to resign as part of an illegal quorum," *id.*), Jones alleged that on or around December 18, 2018, Levine participated in a conference call during part of which a quorum of the city council

(three of five members) was present. *Id.* at 16. Jones asserted that this quorum, along with other participants in the call, phoned former Mayor Patrick Plumb to discuss plans to fire the Tonasket city attorney and also ways to convince Mayor Dennis Brown to resign. *Id.* Jones also asserted that Councilwoman Jill Ritter once moved at a city council meeting for a vote of no confidence in Mayor Brown, which was seconded by Levine, but the motion died with no vote being taken. *Id.* Jones acknowledged that the city council has authority to determine the mayor's compensation by ordinance, but she contended that the quorum violated RCW 35A.12.110 and .120 (in the chapter titled "Mayor-Council Plan of Government") and several provisions of the Tonasket Municipal Code, which give the mayor sole authority to appoint and remove "appointive officers and employees." CP at 17.

The superior court determined both charges to be factually and legally insufficient. It concluded that charge 1 failed to "state specifically substantial conduct clearly amounting to a violation of law [or] . . . to misfeasance, malfeasance, or violation of oath of office." *Id.* at 5. It concluded that the evidence underlying charge 2 was insufficient to show that "a violation of [the] Open Public Meeting[s] Act [of 1971 (OPMA), ch. 42.30 RCW,] occurred" because there was no evidence that Levine "intended to commit the act alleged and . . . intended to act unlawfully" or that any "actions were taken . . . and no business was conducted" during the phone

conference. CP at 6. The court also noted that "[t]he only statement indicating that a quorum was present was made by [Chief] Darin Odegaard[, and] Councilwoman Jensen Sackman filed a declaration that she was never present and worked all day at the local hospital; however[,] her car was parked at city hall." *Id.*

The trial court's ruling on charge 1 is correct. None of the facts alleged constitute any actual attempt to fire anyone. The declaration supporting this charge states only that, during a conference call, "Councilmembers . . . sought Mr. Plumb's advice about plans to fire the City Attorney." *Id.* at 87. Assuming Jones is correct about the mayor's exclusive hiring and firing authority, this ambiguous statement does not establish any infringement on that authority, much less an intentional violation of law. *See, e.g., Recall of Ackerson,* 143 Wn.2d at 373 (petitioner's sworn statement that she heard respondent admit to pocketing campaign contributions was factually insufficient to sustain a charge of violating campaign finance laws where alleged admission was too vague and lacking in context to indicate what actual conduct occurred).

We affirm the dismissal of charge 1.

The court's ruling on charge 2 is also sustainable. While that ruling notes the existence of two conflicting declarations, one by Chief Odegaard (who attested to personal knowledge of the phone conference at issue and Sackman's participation)

and another by Sackman (who denied participating in the call), it does not weigh their credibility. CP at 87. Instead, the ruling finds all of Jones's evidence collectively insufficient to sustain an allegation that Levine *intentionally* violated the OPMA. *Id.* at 6. If we accept the premise that Jones actually stated a claim under the OPMA, then the trial court's conclusion on intentionality is consistent with our case law. *E.g.*, *Recall of Beasley*, 128 Wn.2d at 426 ("assum[ing] . . . that discussions between a majority of the members of the school board regarding . . . . the superintendent's contract would constitute 'meetings' subject to the [OPMA]," mere allegation that such discussions occurred in private was insufficient to sustain charge that board members "conspired" to intentionally keep discussions secret in violation of the law). This claim is also legally insufficient because Jones failed to ""state[] with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office" and there is no legal justification for the challenged conduct." *Recall of Pepper*, 189 Wn.2d at 554 (quoting *Recall of Boldt*, 187 Wn.2d at 549 (quoting *Chandler*, 103 Wn.2d at 274)). We note that the recall petition does not actually cite any provision of the OPMA. One of the statutes it cites (RCW 35A.12.110) references the OPMA, but it does not expressly incorporate the OPMA's provisions defining "meetings" or stating which "actions" must occur in public. Nor did Jones ever refer to "public meetings" at all during the hearing in

the trial court, instead, arguing only that Levine "violated [RCW] 35A.12.110 and 35A.12.120" when "she instituted the quorum." Tr. of Proceedings at 12. Jones's theory of this alleged violation is unclear.

We affirm the dismissal of charge 2.

In support of charge 3 ("[c]onspiring to disband the Tonasket Police Department in favor of a contract for police services with the Okanogan County Sheriff; and compromising the integrity of investigative materials and evidence in the process," CP at 15), Jones alleged that Levine "violated her oath to faithfully and diligently perform her duties of office" when she and Ritter initiated a city council vote to adopt Ordinance 798, which temporarily suspended the operations of the Tonasket Police Department. *Id.* at 17-18. Jones acknowledged that cities need not maintain their own police departments and may instead provide police services through contracts with counties. *Id.* at 18. Jones contended, however, that the manner in which Ordinance 798 was adopted was too hasty to constitute good governance, as it forced police department employees to "scramble" to store and delete files in time for the transition. *Id.*

The superior court found this charge factually and legally insufficient. It concluded that the city council adopted Ordinance 798 only after Mayor Brown fired the chief of police and an officer and the city was therefore "without a viable police

force." *Id.* at 6. The court found this was a proper exercise of the city council's authority, which Levine initiated only after consulting with the city attorney.

This ruling is correct. The exercise of discretionary authority cannot be grounds for recall unless it is "unreasonable." *In re Recall of Kast*, 144 Wn.2d 807, 817-18, 31 P.3d 677 (2001). Jones alleged the city council adopted Ordinance 798 too quickly, but the trial court found the undisputed facts established a reasonable basis for the city council's action. Under that circumstance, the petition is legally insufficient. *See id.* (where responsive pleadings showed officials had legal justification for ejecting an individual from a public meeting, petition based on that ejection was legally insufficient).

We affirm the dismissal of charge 3.

In support of charge 4 ("[i]mproperly withholding public records," CP at 15), Jones alleged that she made two public record requests to Tonasket city agencies: one for "copies of any public records pertaining to the camera installation in the Tonasket Police Department"[1] and one for "all cell phone records, to include calls,

---

[1] Jones's written request for camera-related records read, in relevant part:
I am requesting an opportunity to inspect or obtain copies of public records that pertain to the information regarding the breach of the security of the Police Department. Who authorized the placement of the cameras and who paid for the cameras and the installation. Did the placement of the cameras violate the privacy of the public and/or violate the agreement to Spillman? Who had access to the footage of the camera system. Who had keys and who breached the police department other than the Police officers themselves and

te[x]ts, Facebook Messenger threads, and other communications with city officials related to city business contained on Councilwoman Levine's phone."[2] *Id.* at 18. Jones acknowledged that some records were produced in response to these requests but alleged that others must have been withheld. She asserted that some of the text and Messenger threads produced in response to the first request were incomplete, that no call logs at all were produced, and that no receipts or contracts related to equipment or installation were produced in response to the camera-related request. Jones claimed this violated the Public Records Act, chapter 42.56 RCW. CP at 18.

The superior court found this charge factually and legally insufficient because it was based only on "speculative statements and . . . unwarranted conclusions." *Id.* at 7.

This ruling is correct. Neither the original petition nor Jones's brief in this court explains the basis for the inference that some responsive records must have

---

the Police Clerk. Who authorized the disbursement of the keys to those individuals.
CP at 27.

[2] Jones's request for cell phone records read, in relevant part:
I am requesting an opportunity to inspect or obtain copies of public records that pertain to meetings held at the Tonasket Police Department and at a local business. ALL CELL PHONE RECORDS, INCLUDING CALLS, TEXT MESSAGES, FACEBOOK MESSENGER MESSAGES MADE TO AND FROM CITY OFFICALS AND ALL CITY BUSINESS CONDUCTED OR DISCUSSED ON YOUR PERSONAL CELL PHONE WITHIN THE DATES OF DEC. 17TH THROUGH TO Dec. 30th.
CP at 28.

been withheld, and there are several readily apparent problems with Jones's theory. For example, Jones complained that no call logs were produced, *id.* at 24, but she failed to request any such logs, *id.* at 28. Jones also complained about the response to the camera-related request, *id.* at 24-25, but that request was made to the Tonasket Police Department, *id.* at 27. There is no indication that Levine is the custodian of records for that agency.

We affirm the dismissal of charge 4.

In support of charge 5 ("[f]iling a false and misleading police report with the Okanogan County Sheriff's Office related to the performance of her duties as Councilwoman," CP at 15), Jones alleged that on or about January 23, 2019, Levine made a false police report. *Id.* at 18-19. Jones asserted that Levine told police that she and other councilmembers were blocked from leaving city hall and attacked in the city hall parking lot. *Id.* According to Jones, other witnesses disputed this account. *Id.* at 19. Jones claimed the report violated RCW 9A.76.175, which makes it a gross misdemeanor to knowingly make a false or misleading material statement to a public servant. *Id.*

The superior court found this charge legally and factually insufficient. It noted that the petition alleged an unlawful act but failed to show any intent to violate the law or engage in willful criminal conduct. *Id.* at 8.

This ruling was correct. Jones asserted that Levine committed a gross misdemeanor by fabricating allegations in a police report. The only evidence Jones submitted in support of this charge was a declaration by MacGregor-Foreman that she personally saw councilmembers leaving the meeting at issue and "did not observe anyone blocking them or preventing them from leaving the building." *Id.* at 57. This falls far short of establishing the knowledge and intent necessary to sustain an allegation of unlawful conduct. *See Recall of Boldt,* 187 Wn.2d at 549.

We affirm the dismissal of charge 5.

## CONCLUSION

The trial court correctly held that Jones's recall petition is factually and legally insufficient. The court did not improperly engage in fact-finding, and there is no prohibition against considering factual pleadings by the respondent to a recall petition. We affirm the trial court's ruling in its entirety and dismiss the petition.

_____
Stephens, J.

WE CONCUR:

_____
Fairhurst, C.J.

_____
Wiggins, J.

_____
Johnson, J.

_____
González, J.

_____
Madsen, J.

_____
Yu, J.

_____
Owens, J.