[Nos. 75002-5; 75003-3.   En Banc.]
Considered September 9, 2004.    Decided November 12, 2004.

*In the Matter of the Recall of* RONALD YOUNG, *Marysville School District No. 25 Board Member.*

*In the Matter of the Recall of* HELEN MOUNT, *Marysville School District No. 25 Board Member.*

*E.M. Mount* (of *Turnbull & Born, P.L.L.C.*), for appellants.

*Janice E. Ellis, Prosecuting Attorney*, and *Gordon W. Sivley, Deputy*; and *Douglas M. Wartelle* (of *Cogdill Nichols Rein*), for respondents.

ALEXANDER, C.J. — Two members of the Marysville School Board ask this court to reverse the Snohomish County Superior Court's determination that charges in petitions to recall the board members are legally sufficient. We conclude that the superior court did not err.

In May 2002, the Marysville Education Association (MEA) and the board of the Marysville School District entered into a collective bargaining agreement. Among other things, the agreement established the 2002-03 calendar for the school district. Specifically, the agreement provided that January 14, 2003, would be a school day, that February 14, 2003, would be a paid holiday, and that any makeup days would begin on June 16, 2003.

At a meeting, which took place in October 2002, representatives of MEA and the Marysville School Board (Board)

discussed the possibility of MEA members attending a "Day of Action" rally in Olympia on January 14, 2003. The representatives of the MEA and the Board who were present at the meeting agreed that if the association were to participate in the rally, the makeup day would be, as the collective bargaining agreement provided, June 16, 2003. On December 2, 2002, the MEA announced to the Board that it intended to participate in the rally.

On December 18, 2002, the Board met and approved a resolution declaring January 14, 2003, as a nonschool day due to the MEA's participation in the rally. Thereafter, the Marysville schools were closed on January 14, 2003, and members of MEA attended the rally in Olympia. However, at a meeting on February 3, 2003, the Board voted, over objections of the MEA, that February 14, 2003, would be the makeup day. On February 14, 2003, the Marysville schools were open and the teachers who did not report for work had their wages docked. The Board spent $74,457.30 in costs associated with holding school on February 14.

The dispute between the MEA and the Board over the makeup day was thereafter submitted to arbitration. The MEA claimed in the arbitration proceeding that the Board violated the collective bargaining agreement by unilaterally changing the makeup day from June 16, 2003, to February 14, 2003. The Board responded that the MEA violated the no strike clause of the agreement by participating in the rally and not bargaining for a change in the school calendar. The arbitrator ruled in favor of the MEA.

On December 22, 2003, three voters and residents of the school district, Deborah Vincelette, Lisa Ann Griffith, and Shannon Bartlett, filed two recall petitions with the Snohomish County auditor. In one petition they sought the recall of Helen Mount as a member of the Board. In the other petition they sought the recall of Ronald Young as a member of the Board. Although the petitioners initially alleged 10 charges against both Mount and Young, the Snohomish County Superior Court, following a hearing to determine the sufficiency of the recall charges, ultimately

determined that only one of the charges against Mount and Young satisfied statutory requirements. The charge is as follows:

> That, acting as a member of and in concert with other members of the Board of Directors of the Marysville School District, No. 25, [Ronald Young/Helen Mount] knowingly and willfully violated the contractual rights of the district's non-supervisory certificated employees, by taking such action as to open schools on February 14, 2003 as a "make-up" day and by withholding pay from certain non-supervisory certificated staff, which decisions were found by Arbitrator Richard M. Humphreys, in the matter of *Marysville Education Association and Marysville School District, AAA Case No. 75-390-00103-03 CRMA*, issued September 9, 2003, to have been in violation of the contractual rights of the its [sic] non-supervisory certificated employees, and which decisions caused the district to incur significant unnecessary costs in the form of hiring "entertainers" (such as clowns and jugglers), hiring substitute teachers, and legal fees, and further provided pupils with inferior and substandard instruction and supervision. Said action, or failure to act, is in violation of the oath of office of said board member and is an act of misfeasance or malfeasance, and is further in violation of RCW 28A[.]150.230.

Young's Clerk's Papers at 27; Mount's Clerk's Papers at 23-24.

The superior court concluded that the petitions for the recall of Mount and Young could proceed to the signature gathering phase on the aforementioned charge. Mount and Young each sought direct review here of that decision and we granted their petitions.[1]

Citizens of this state have a constitutional right to seek removal of elected public officials prior to the expiration of their terms through a recall election. WASH. CONST. art. I, §§ 33-34. Pursuant to former chapter 29.82 RCW, which details the process by which a recall is conducted, an elected

---

[1] Although separate petitions to determine the sufficiency of the recall charges were filed in superior court by the Snohomish County prosecuting attorney, the trial court heard the petitions together. By previous order of this court the reviews were consolidated.

public official may be recalled only for an act or acts of misfeasance, malfeasance, or violations of the oath of office.[2] Former RCW 29.82.010 (1984).[3]

We review "recall petitions using the same criteria as the superior court." *In re Recall of Wade*, 115 Wn.2d 544, 547, 799 P.2d 1179 (1990); *see Cole v. Webster*, 103 Wn.2d 280, 288, 692 P.2d 799 (1984). We have previously noted that "[a]lthough the courts serve a gateway function in the recall process, we do not attempt to evaluate the truthfulness of the charges in a petition." *In re Recall of Kast*, 144 Wn.2d 807, 813, 31 P.3d 677 (2001) (citing *In re Recall of Beasley*, 128 Wn.2d 419, 427, 908 P.2d 878 (1996)). The court's central purpose in the recall process is to determine whether the charges are factually and legally sufficient. *Chandler v. Otto*, 103 Wn.2d 268, 274, 693 P.2d 71 (1984). Because Mount and Young concede that the charges in question are factually sufficient, the only issue before us is whether the charges are legally sufficient.

"To be legally sufficient, the petition must state with specificity substantial conduct clearly amounting to misfeasance, malfeasance or violation of the oath of office." *Chandler*, 103 Wn.2d at 274 (citing 4 EUGENE McQUILLAN, THE LAWS OF MUNICIPAL CORPORATIONS § 12.251b, at 334 (3d rev. ed. 1979)). This requirement is designed to protect an elected official from recall for exercising his or her lawfully granted discretion. *Id.*; *Teaford v. Howard*, 104 Wn.2d 580, 585, 707 P.2d 1327 (1985).

---

[2] Former RCW 29.82.010 (1984) defines these terms in the following manner:

"(1) 'Misfeasance' or 'malfeasance' in office means any wrongful conduct that affects, interrupts, or interferes with the performance of official duty;

"(a) Additionally, 'misfeasance' in office means the performance of a duty in an improper manner; and

"(b) Additionally, 'malfeasance' in office means the commission of an unlawful act;

"(2) 'Violation of the oath of office' means the wilful neglect or failure by an elective public officer to perform faithfully a duty imposed by law."

[3] RCW 29.82.010 was amended, effective July 1, 2004, and recodified as RCW 29A.56.110.

■ We conclude that the superior court did not err in determining that the charges satisfied the criteria for which a recall petition may be filed. We agree with that court that if an elective public officer knowingly and willingly breaks a collective bargaining agreement and thereby unnecessarily causes substantial financial harm, this may be considered an improper act and a violation of oath. It is alleged that Mount and Young engaged in this conduct, and Mount and Young concede that the allegations are factually sufficient. The charges are, therefore, legally sufficient. If the petitioners hereafter obtain the requisite number of signatures on the recall petitions, it will be up to voters of the district to determine at a special election if Mount and Young should be recalled from office.

The trial court is affirmed.

JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.