193 P.3d 98 (2008)
In the Matter of the Recall Charges Against Port of Seattle Commissioner Pat DAVIS, Appellant.
No. 80219-0.
Supreme Court of Washington, En Banc.
Argued June 26, 2008.
Decided August 14, 2008.
*99 Suzanne J. Thomas, Matthew J. Segal, Jessica Anne Skelton, K & L Gates LLP, Seattle, WA, for Appellant.
Christopher Clifford, Renton, for Respondent.
Thomas William Kuffel, King County Prosecutor's Office, Seattle, WA, for Other Parties.
C. JOHNSON, J.
¶ 1 Commissioner Pat Davis (Comm.Davis) appeals from an order of the King County Superior Court which found a recall petition filed against her by Christopher Clifford (Clifford) statutorily sufficient to charge acts of misfeasance and malfeasance interfering with the performance of her official duties. The principal issue is whether the recall petition is factually and legally sufficient under ch. 29A.56 RCW. The trial court found the petition factually and legally sufficient as modified in the ballot synopsis. We affirm in part and reverse in part the findings of the trial court.

FACTS
¶ 2 On October 10, 2006, Comm. Davis signed a memorandum discussing the "transition away from the organization" of M.R. Dinsmore, Chief Executive Officer of the Port of Seattle (Port). The memorandum appears to assure Dinsmore up to a full year's pay upon his resignation from the Port.[1] No dispute exists as to the existence of this memorandum and that Comm. Davis signed it.
*100 ¶ 3 On April 21, 2007, Clifford, a registered voter in the Port of Seattle jurisdiction, filed a petition to recall Comm. Davis with the records, elections and licensing services division of King County. The initial petition was rejected by the prosecuting attorney because the oath did not meet the requirements of state law. Clifford filed another petition April 25, 2007, with a corrected oath, containing six charges.[2] Clifford later filed a memorandum and supplemental materials supporting his recall petition on May 16, 2007.
¶ 4 A sufficiency hearing was held on May 18, 2007, and a presentation of the order and ballot synopsis on May 24, 2007, before Honorable Charles Mertel. Judge Mertel found charges one, four, five and six legally and factually sufficient and charge two legally and factually sufficient as modified in the court's ballot synopsis. The court additionally granted Comm. Davis's motion to strike all factual assertions in Clifford's memorandum and supplemental materials, and substantially revised the ballot synopsis which reads:
Shall Pat Davis, Port of Seattle Commissioner, be recalled from public office, as alleged by King County registered voter Christopher Clifford:
1. Comm. Davis committed an act of malfeasance by signing an October 10, 2006 memorandum addressed to the then chief executive officer of the Port of Seattle, Mr. Dinsmore, which had the potential effect of obligating the Port of Seattle to pay Mr. Dinsmore, an outgoing Port of Seattle employee, at least $239,000 outside of his employment contract. The additional monies to Mr. Dinsmore were not voted on or approved by the Port of Seattle Commissioners at a regularly scheduled public hearing.
2. Comm. Davis committed acts of malfeasance by voting in executive session on or about January 10, 2006, and June 8, 2006, in violation of the Washington State Open Public Meetings Act (Ch. 42.30 RCW).
3. Comm. Davis committed an act of malfeasance by knowingly exceeding the purposes for executive session in the Washington State Open Public Meetings Act (Ch. 42.30 RCW) by negotiating and voting on a gift of public money to Mr. Dinsmore in executive session.
¶ 5 Pursuant to RCW 29A.56.270, and RAP 4.2(a)(1), Comm. Davis appealed the superior court determination to this court. Multiple motions were filed with this court, including a motion to strike factual allegations in Clifford's response brief.[3]

*101 ANALYSIS
¶ 6 Recall is the electoral process by which an elected official may be removed from office before the expiration of his or her term. Chandler v. Otto, 103 Wash.2d 268, 270, 693 P.2d 71 (1984). Our state constitution, article I, §§ 33, 34, provides citizens with the power to recall public officials. The recall process is governed by statute, RCW 29A.56.110, which provides the charges must: (1) set forth the name of the officer subject to recall and the title of his or her office; (2) recite that the officer subject to recall has committed an act or acts of malfeasance while in office or that such person has violated on oath of office; (3) state the act or acts complained of in concise language; and (4) give a detailed description of each act.
¶ 7 Recall petitions must be both legally and factually sufficient, and courts must ensure that persons submitting the charges "have some knowledge of the facts underlying the charges." In re Recall of Wasson, 149 Wash.2d 787, 791, 72 P.3d 170 (2003). A reviewing court does not look to the truthfulness of the charges but instead considers whether, accepting the allegations as true, the charges on their face support the conclusion that the officer abused his or her position.
¶ 8 The trial court determined the ballot synopsis to be factually and legally sufficient as revised; we review the trial court's determination of sufficiency de novo. See In re Recall of Young, 152 Wash.2d 848, 852, 100 P.3d 307 (2004).

Factual Sufficiency
¶ 9 To be factually sufficient, the recall charges must establish a prima facie case of misfeasance, malfeasance, or violation of the oath of office. Wasson, 149 Wash.2d at 791, 72 P.3d 170. RCW 29A.56.110 requires the person making the charge to "have knowledge of the alleged facts upon which the stated grounds for recall are based."
¶ 10 We first consider charges two and three of the ballot synopsis, which allege Comm. Davis committed acts of malfeasance by voting in executive session, a violation of the Open Public Meetings Act of 1971 (OPMA) chapter 42.30 RCW. Clifford argues he has personal knowledge of this violation based on the dates of two executive sessions, the memorandum signed by Comm. Davis, and media sources reporting on the issue. Clifford asserts that this should be sufficient to constitute "personal knowledge" as required for the petition for recall to be upheld.
¶ 11 Comm. Davis argues that Clifford fails to demonstrate the requisite personal knowledge and therefore his petition is factually and legally insufficient. Although firsthand knowledge is not statutorily required, we have held that generally, media articles do not form a sufficient basis for the personal knowledge required by law. See In re Recall of West, 155 Wash.2d 659, 666 n. 3, 121 P.3d 1190 (2005); see also In re Recall of Beasley, 128 Wash.2d 419, 908 P.2d 878 (1996) (unverified information from an unnamed source contained in newspaper articles is not a sufficient basis to support a recall election). However, there are exceptions to this rule. In West, we found a recall petition factually sufficient where the allegations were drawn from transcripts of internet chats, admittedly between West and the subject of his indiscretion, published in newspapers. Therefore, if documents are published by the media which directly evidence the misfeasance or malfeasance, this may suffice to establish petitioner's personal knowledge.
¶ 12 Clifford appears to argue that the media coverage forming the basis of his petition is analogous to the media coverage in West because the coverage contains citations to the memorandum signed by Comm. Davis and her public statements. Yet the memorandum and any public statements contained in media sources do not demonstrate that any vote took place in the executive sessions as alleged in the petition. In fact, the only evidence to support this allegation is Comm. Davis's declaration where she states that discussions on this topic took place in executive sessions. Clerk's Papers at 26. As noted above, there is no transcript of the meetings in support of this statement and Comm. Davis's declaration was submitted after the petition was filed, too late for Clifford to use as a basis for his personal knowledge. The *102 evidence fails to show Clifford's personal knowledge as required to allege an act of malfeasance by a violation of the OPMA.
¶ 13 The petition's core allegation, contained in charge one of the ballot synopsis, is that Comm. Davis entered into an unauthorized agreement and not that this occurred in any meeting or pursuant to any vote. This allegation is derived from the memorandum executed by Comm. Davis and Dinsmore. Comm. Davis argues that because there was never a final agreement or any severance package paid to Dinsmore, there was no violation of the OPMA. Without a final agreement or any other evidence showing agreement by the Port Commissioners, Comm. Davis argues that the allegations that she did "provide a gift" or that she "obligated" the Port of Seattle to pay moneys to Dinsmore fail for factual insufficiency. We agree Comm. Davis did not "obligate" the Port by signing the memorandum. However, we also agree with the ballot synopsis as written by the trial court that the memorandum had the "potential effect of obligating the Port."
¶ 14 Comm. Davis alternatively argues that any potential for obligating the Port was "cured" during the later vote in public session denying any severance package to Dinsmore. In In re Recall of Sandhaus, 134 Wash.2d 662, 670, 953 P.2d 82 (1998), we stated that any oversight by Sandhaus in not obtaining bonds before taking office was "cured" by the eventual bond he obtained which was retroactive to the date he assumed office. However, in that case it was the totality of the circumstances and the lack of factual support for the charges that were the basis of our ultimate finding the petition for recall factually insufficient, not the "cure." Here, we find the Port's undoing of an unauthorized agreement is not a cure as discussed in Sandhaus and, similar to Sandhaus, our analysis focuses on the facts and circumstances in the record before us.
¶ 15 The support for the allegation that Comm. Davis committed an act outside of the scope of her legal duties as Port Commissioner, or conducted her duties in an improper manner, simply by signing the memorandum. The record contains the signed memorandum, promising monetary benefits to Dinsmore after he left the Port, and Comm. Davis stated in her declaration that she in fact signed the memorandum memorializing the agreement. The memorandum's obligatory language ("as agreed" and "you will be provided benefits") show that Dinsmore and Comm. Davis had an agreement that Comm. Davis acted without the support of the Commission or the necessary public vote, as required prior to signing any financial agreement that may have the effect of obligating the Port.
¶ 16 Further, this language supports an inference that Comm. Davis acted with intent when she signed the memorandum. See West, 155 Wash.2d at 666-67, 121 P.3d 1190 (finding that a broad reading of the petition, as a whole, raised an inference that West committed misfeasance). We can infer from the record that Comm. Davis understood her duties as Port Commissioner and the legal necessity of voting in public session before potentially obligating the Port in any monetary agreement, and, for purposes of recall, intentionally acted outside the scope of these duties by signing an agreement with Dinsmore. We find the charge Comm. Davis signed an agreement with intent to commit malfeasance and without authority factually sufficient. Our next step is to determine whether this charge is legally sufficient.

Legal Sufficiency
¶ 17 To be legally sufficient, the charge must define substantial conduct amounting to misfeasance, malfeasance, or a violation of the oath of office. Wasson, 149 Wash.2d at 791, 72 P.3d 170. "Misfeasance" and "malfeasance" in office both mean "any wrongful conduct that affects, interrupts, or interferes with performance of official duty." RCW 29.56.110(1). "Misfeasance" in office also includes the performance of an official duty in an "improper manner," and "malfeasance" in office includes the commission of an unlawful act. RCW 29A.56.110(1)(a) and (b). "Violation of the oath of office" means the "neglect or knowing failure by an elective public officer to perform faithfully a duty imposed by law." RCW 29A.56.110(2).
*103 ¶ 18 A recall petition must present a prima facie case of misfeasance, malfeasance, or violation of the oath of office. In re Recall of Zufelt, 112 Wash.2d 906, 774 P.2d 1223 (1989). The petition at issue here alleges, with factual sufficiency, that Comm. Davis acted outside of her legal authority by signing an agreement promising payment of the Port's money without a vote in public session. This prima facie case of malfeasance is supported by the record and demonstrated by the fact that the Port Commission had to hold a public meeting in order to undo Comm. Davis's contract with Dinsmore.
¶ 19 We find, when read as a whole, the petition is legally sufficient in charging Comm. Davis with an act of malfeasance by signing an October 10, 2006, memorandum addressed to then chief executive officer of the Port of Seattle, Dinsmore, which had the potential effect of obligating the Port of Seattle to pay Dinsmore, an outgoing Port of Seattle employee, at least $239,000 outside of his employment contract. Additionally, we find these additional moneys were not voted on or approved by the Port of Seattle commissioners at a regularly scheduled public hearing and conclude charge one of the ballot synopsis is legally sufficient.

CONCLUSION
¶ 20 The superior court found the petition for recall legally and factually sufficient. We affirm in part and reverse in part. As indicated above, we find charges two and three as written in the ballot synopsis legally and factually insufficient and find charge one legally and factually sufficient. We remand to the trial court for preparation of a new ballot synopsis consistent with this opinion.
WE CONCUR: GERRY L. ALEXANDER, C.J., BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, and DEBRA L. STEPHENS, JJ.
NOTES
[1] The memorandum from Comm. Davis to M.R. Dinsmore, signed by both parties, states: "As agreed, your work during the first quarter of 2007 will be to support the transitioning of your successor into the organization. When this work is complete (anticipated by early March), you will be provided benefits to assist you in your own transition away from the organization. These benefits will be modeled on the HR-10 Reduction in Force Policy and Procedure. Based on your length of service, your transition benefits will begin March 12, 2007 and end December 31, 2007. If you use your Paid Time Off (PTO) as service time, your actual termination date is projected to be mid-March 2008."
[2] The petition for recall charges as follows:

1)Comm. Davis committed an act of malfeasance by signing an agreement to provide a "gift" of public money to an individual outside the employee contract approved by the Port of Seattle Commission.
2) Comm. Davis committed an act of malfeasance by obligating the Port of Seattle to pay monies not voted on or approved by the Port of Seattle Commissioners at a regularly scheduled public hearing.
3) Comm. Davis committed an act of misfeasance and malfeasance by using her position as Port Commissioner to provide a "gift" of public money to her personal friend and political ally Mic Dinsmore.
4) Comm. Davis committed an act of malfeasance by voting on an issue in an executive session on or about January 10, 2006, in violation of the Washington State Open Meetings Act.
5) Comm. Davis committed an act of malfeasance by voting on an issue in an executive session on or about June 8, 2006, in violation of the Washington State Open Meetings Act.
6) Comm. Davis committed an act of malfeasance by knowingly violating the limited context of the executive session exclusions of the Open Meetings Act to improperly negotiate and vote on a "gift" of public money.
[3] Comm. Davis filed a motion to strike factual allegations in Clifford's response brief correctly arguing that we must determine the sufficiency of the recall petitions using only the record before the trial court, and may not consider any unsupported allegations in the briefing. See In re Recall of Kast, 144 Wash.2d 807, 813, 31 P.3d 677 (2001). The superior court in this case struck Clifford's memorandum and supplemental materials, including a copy of the bylaws of the Port of Seattle, because they did not conform to verification requirements of RCW 29A.56.110. Clifford attempted to resubmit some of this same material in his response brief. We grant the motion to strike any of these factual allegations contained in the Clifford's response and review the petition for recall on the same factual record as the superior court. Additionally, Clifford filed a motion for expedited review and oral argument, and a motion to strike petitioner's reply as untimely and for sanctions. We deny these motions.